Foster et al. v. Evans.

JOHN D. FOSTER AND SAMUEL DENTON, Plaintiffs in Error, *v.* WILLIAM EVANS, Defendant in Error.

1. *Ejectment, judgment in — Subsequent suit — Defenses, etc.*—A judgment in ejectment is no bar to another suit, or to defenses set up in a subsequent suit, unless the titles and defenses are precisely the same as in the first suit.
2. *Ejectment — Plaintiff in, must stand on his own title.*—A plaintiff in ejectment must first show title in himself before he can have any standing to disturb defendant's possession.
3. *Lands and land titles — Grant of land to States — Entry with register, etc.*—A grant of land to the State, under the act of September 28, 1850, for reclamation of swamp lands, reserved it from sale by ordinary entry with the United States register or receiver.

*Error to Scott Circuit Court.*

*Louis Houck*, for plaintiffs in error.

*J. M. Patterson*, for defendant in error

ADAMS, Judge, delivered the opinion of the court,

This was an action of ejectment to recover possession of a tract of land in the county of Scott. The plaintiffs claim title by virtue of an entry at the United States Land Office at Ironton, Missouri, dated May 17, 1857, made by Abraham Hunter. No patent was, however, shown to have been issued on this entry. The plaintiffs also set up a judgment in ejectment in the name of said Hunter, rendered against the defendant in 1861, for this land, but it was not shown what titles were investigated and passed upon in that ejectment suit. The plaintiffs then gave evidence conducing to show that the defendant had leased this land from them, or one of them, for a year or more, and that he had offered to buy the land from them.

The defendant stood upon his possession, and gave evidence conducing to show that he had been in adverse possession for more than ten years before the commencement of this suit, and evidence conducing to show that he never had leased the land from plaintiffs, and had only offered to buy the land if the plaintiffs had a better title. The defendant also set up the averment that the tract of land in controversy was swamp land, and that it so ap-

peared on the books in the office of the clerk of the County Court, and that, as such, one John W. Carpenter bought the land ; and the deed from the county to Carpenter was read in evidence, showing that it was swamp land granted to the State of Missouri by virtue of an act of Congress entitled "An act to enable the State of Arkansas and other States to reclaim the swamp lands within their limits," approved September 8, 1850.

The court, at the instance of the plaintiffs, instructed that if the defendant rented the premises in controversy from the plaintiffs, then the plaintiffs were entitled to recover. There was conflicting evidence on this question, and the court found for the defendant, and we are not at liberty now to disturb that finding.

The court refused the other instructions asked by plaintiffs. One was that the judgment in the ejectment suit of Hunter against defendant settled this case, and the other was that if the defendant offered to purchase this land from the plaintiffs within ten years before the commencement of the suit, that would entitle the plaintiffs to recover.

In regard to the effect of a judgment in ejectment, it may be remembered that it is not a bar to another suit, or to defenses set up in a subsequent suit, unless the titles and defenses are precisely the same as they were in the first suit. There is no evidence here that the same titles and defenses were set up in the former suit as were relied on in this.

If a plaintiff in ejectment has no title himself, the mere fact that a defendant in possession offers to buy the land from him confers upon him no right to recover the possession, nor does such an offer stop the running of the statute of limitations when it is made to quiet the defendant's title.

The main question here is whether the plaintiffs themselves have shown any title. A plaintiff must first show title in himself before he can have any standing to disturb the defendant's possession. The only title relied on was a simple entry of the land with the United States register and receiver, upon which no patent has ever been issued ; at least none was shown.

The evidence shows that this was swamp land, and had been selected as such under the act of Congress above referred to.

What right had the register and receiver to permit an entry of this land after it had been thus granted to the State of Missouri?

It is unnecessary to inquire whether this grant to the State conferred a complete title without a patent or not. It is sufficient that it reserved it from sale by ordinary entry with the United States register and receiver. (See Hann. & St. Jo. R.R. Co. v. Smith, 41 Mo. 310.)

Under this view the plaintiffs had no standing in court, and the judgment was for the right party.

Judgment affirmed. The other judges concur.