EKEY, *Appellant*, v. INGE *et al.*

1. **Land Title**: ADVERSE POSSESSION: EJECTMENT. One who incloses and holds land by an open, notorious, adverse possession, against all the world, for a period of ten years will obtain thereby an indefeasible title in fee-simple to the land so inclosed and possessed.

2. **Practice**: EJECTMENT: JUDGMENT. A judgment in ejectment is no bar to a second action between the same parties for the same property, whether the titles and defences in both cases be the same or not.

*Appeal from Franklin Circuit Court.*—A. MCELHIN-NEY, ESQ., Special Judge.

REVERSED.

*Crews & Booth* for appellant.

(1) Appellant, by reason of the deeds and transfers of possession, is in privity of estate with his grantors in said deeds, and is entitled to the benefit of their possession of said land. It was not necessary, under the circumstances, that the deeds should have in terms purported to convey any part of the northwest quarter in order to pass the interest of the grantors in the land here in controversy. 3 Washburn on Real Prop. (4 Ed.) 384. The land being known between the parties by the description contained in their deeds, and its boundaries marked by the fence, said deeds as between the parties were in law legal conveyances of the land in controversy. *Mansfield v. Pollock*, 74 Mo. 185; *Long v. Higginbotham*, 56 Mo. 245; *Crispen v. Hannovan*, 50 Mo. 536. (2) The possession of William Osborne, which began as early as 1820, ripened into a complete title in him, under the then twenty years statute, in the year 1840, seventeen years before C. B. Inge disputed that the western line of the

enclosure of the said Osborne was on the true line between said quarter sections. *Cole v. Parker*, 70 Mo. 372; 3 Wash. on Real Prop. (4 Ed.) 142. (3) The former judgment in ejectment is no bar to this action. *Kimmel v. Benna*, 70 Mo. 52.

*A. A. Underwood* and *Smith & Krauthoff* for respondents.

(1) There is nothing for this court to review. There is nothing stated in the motion for a new trial to warrant a reversal for error. The court will not disturb the finding below, nor reverse the judgment, simply because it is alleged in the motion, that on the evidence the finding and judgment are erroneous, without stating in what particular. The admission of facts in this case, and their effect as evidence, shows that the facts relied upon by appellant for recovery are controverted by the admission of other facts relied upon by respondents. *Easley v. Elliott*, 43 Mo. 289; *Weilandy v. Lemuel*, 47 Mo. 322; *Waddell v. Williams*, 50 Mo. 217. (2) Under the admissions in this case the former judgment should be held conclusive. The gist of the various decisions is, that when the issues and evidence are the same, in all particulars, in both actions the former adjudication operates as an estoppel and concludes the rights of the parties. Especially is this the case when the common law form of ejectment is abolished and the action is commenced by the parties in their own names. Freeman on Judgments, pp. 264-9, secs. 293-5, 299, 301-2; *Stevens v. Hughes*, 31 Pa. St. 381; *Sturdy v. Jackaway*, 4 Wall. 174; *Miles v. Caldwell*, 2 Wall. 35; *Marshall v. Shafter*, 32 Cal. 176; *Sherman v. Dilley*, 3 Nev. 21; 3 Wallace, 245; *Cagger v. Lansing*, 64 N. Y. 417; 21 Minn. 515; *Mahoney v. Middleton*, 41 Cal. 41; *Long v. Neville*, 29 Cal. 131; *Currier v. Esty*, 116 Mass. 577; Sedg. & Wait on Title to Land, secs. 43, 44, and 512 to 525 inclusive. (3) If the

former judgment, under the admissions in this case, does not create an estoppel it may be made evidence in this action, and is sufficient to warrant a finding either upon the grounds of evidence or authority. *Kimmel v. Benna,* 70 Mo. 52; 12 Peters, 410, and authorities cited on second proposition. *Chouteau v. Gibson,* 76 Mo. 38; *Caldwell v. Smith,* 77 Mo. 471.

SHERWOOD, J.—Action of ejectment for a strip of ground in Franklin county, lying in the northwest quarter of section six, township forty-two, range one, east. This strip, together with a portion of the northeast quarter of that section, had been enclosed by William Osborne, the owner of the northeast quarter, as far back as 1820, and had been by him, and those claiming under him, continually possessed until some time in 1877, when defendants in the present action prevailed against the plaintiff, who claims under Wm. Osborne, and recovered possession of said strip in an action of ejectment. Through some mischance the appeal taken in that case was never heard in this court.

Under the agreed statement of facts the plaintiff was clearly entitled to recover, if the recovery by defendants in 1877 of the premises in controversy be left out of consideration, for it is very plain that whatever may be thought of the effect of Wm. Osborne's possession of the strip of land in controversy, from 1820 down to 1857, it is beyond dispute that from the latter period down to the time of his death, in 1869, his possession of the strip was an open, notorious adverse possession against all the world; and it is needless to say that possession of such a character gave him an indefeasible title in fee-simple to the strip of ground thus enclosed and possessed.

And the fact that plaintiff was dispossessed by defendants in an action of ejectment in 1877, and that they now have possession of that strip of ground in consequence of the judgment rendered in that action does not

debar or preclude plaintiff from maintaining his present action, if we adhere to the ruling made in the case of *Kimmel v. Benna*, 70 Mo. 52, wherein it was laid down that a judgment in ejectment is no bar to a second action between the same parties for the same property, whether the titles and defences in both actions be the same or not. That case was well considered, and we will continue to give it the sanction of our approval. The case of *Chouteau v. Gibson*, 76 Mo. 38, does not, being rightly understood, militate against the principle asserted in *Kimmel v. Benna*.

For these reasons the declaration of law asked by plaintiff that on the agreed facts he was entitled to judgment, should have been given, and because of its refusal the judgment will be reversed, and judgment in his favor will be entered in this court.    Henry, C. J., and Ray, J., concur ; Norton and Black, JJ., absent.