PRESTON, *Appellant*, v. RICKETS *et al.*

**Ejectment**: EQUITABLE DEFENCE: RES JUDICATA. Where, in an ejectment suit, the defendant sets up an equitable defence, and plaintiff has judgment, such equitable defence becomes *res judicata*, and defendant cannot thereafter recover by a proceeding to stablish his equitable title so passed on in the former suit.

*Appeal from Perry Circuit Court.* — HON. JAMES D. Fox, Judge.

AFFIRMED.

*Nicholson & Robb* and *J. W. Nalle* for appellant.

, *J. Perry Johnson* for respondents.

The matters relied on by the appellant, on the trial of this case, as shown by the record now here, are ex-

actly the same matters set up in his answer in *Chadwick v. Ellis & Preston,* and then relied on to defeat Chadwick in his action, and which were, in that case, decided against the appellant here, and are now *res adjudicata,* and he cannot now be permitted to set them up, even if his pleadings were in a form to justify evidence of these equities, in order to maintain his present action. *Verhem v. Schultz,* 57 Mo. 326 ; *Hickerson v. City of Mexico,* 58 Mo. 64 ; *Chouteau v. Gibson,* 76 Mo. 38 ; *Foster v. Evans,* 51 Mo. 39.

NORTON, C. J.—This suit is by ejectment, to recover the possession of certain lands in Perry county. The petition is in the usual form. The answer admits that defendants are in possession of the premises, and avers that they were put in possession by virtue of a judgment and decree of the Wayne county circuit court, and, after denying the other allegations of the petition, sets up as follows :

"The defendants, further answering, and by way of new matter, say that the said pretended title and claim of the said plaintiff in and to said land has been fully tried and adjudicated and settled in a certain cause in the Wayne county circuit court, at the term, 1876, thereof, wherein co-defendant, Thomas G. Chadwick, was plaintiff, and Joseph Ellis, and James Preston, the plaintiff herein, were defendants, said action being a legal and equitable proceeding to try and determine the right to the title to said land. The court adjudged and found the title to said land to be in co-defendant, Thos. G. Chadwick ; wherefore defendants here plead said prior adjudication, and trial, and judgment, in bar of this action."

Defendants obtained judgment on the trial, from which plaintiff has appealed, and, among others, assigns for error the action of the circuit court in receiving in evidence the record and proceedings of a suit in the

Wayne county circuit court. This is the pivotal and decisive point in the case. It appears from the record that Melina Flynn, who was born September 15, 1830, and intermarried, in 1848, with one Jesse I. Merritt, was the common source of title; that, in 1849, there was born one child, Jesse F. Merritt; that, on the twelfth of February, 1850, the said Melina Merritt, while a minor, joined her husband in a deed conveying the land in controversy to one John F. Burgett; that said Melina Merritt died in 1851, while she was still a minor under the age of twenty-one years, leaving as her only child and heir said Jesse F. Merritt; that said Burgett immediately entered into the possession of the land under his purchase, and remained in the peaceable, undisturbed possession till his death, which occurred prior to 1868, and after his death his heirs remained in possession till the third day of February, 1868, when, at a partition sale of the real estate of said Burgett, deceased, one Vincent Faina became the purchaser of the land in dispute, and received a sheriff's deed therefor on the twenty-seventh day of April, 1871; that said Faina, after his purchase, held possession of the land from the third day of February, 1868, till December, 1868, when said Jesse F. Merritt, the son of said Melina, was put in possession, by virtue of a compromise judgment entered in a suit by ejectment, instituted by said Jesse F. Merritt, by his next friend, on the fourteenth day of February, 1868, against said Faina; that said Jesse F. Merritt remained in possession of the land until March, 1872, when he sold and conveyed the same to James Preston, the plaintiff in this suit, who entered into possession and retained the same till 1877, when defendant, Chadwick, by virtue of a judgment and decree of the circuit court of Wayne county, was put in possession. It is the record and proceedings of the suit on which the said decree was based which were received in evidence over plaintiff's objection.

It appears from the record in that suit that Faina, having received, in 1871 or 1872, the sheriff's deed for the land purchased by him at the partition sale of Burgett's real estate, made in 1868, sold and conveyed the land to defendant, Chadwick, in September, 1872, who commenced an action of ejectment to recover possession against one Ellis, a tenant of Preston (the plaintiff in this suit) and that Preston, on his petition, was made a party defendant. It further appears that Preston, at great length and particularity, set up his title in his answer, and assailed the Burgett title on the specific grounds that the deed made by Melina Merritt to Burgett was executed while she was a minor, and that it was obtained by the covin, fraud, and undue influence of Burgett. In short, it may be said that defendant, in that suit, set up in his answer, with great minuteness, the identical title, and every fact which he now relies upon as plaintiff, to maintain the present suit, and which were put in issue and adjudicated in the suit brought by Chadwick against him in 1872, and determined adversely to him by the judgment and decree rendered therein.

The reception of this evidence was objected to, on the ground that one action of ejectment is not a bar to another action. While it may be conceded that one action of ejectment cannot be pleaded in bar of another, the rule is not of universal application, and is not without modification, as is shown by reference to the case of *Chouteau v. Gibson*, 76 Mo. 38. The facts set up in the defendant's answer, in the suit brought by Chadwick against him, brings the case within the principle announced in the case of *Chouteau v. Gibson, supra*, where it is said: "Where, to an ejectment suit, the defendant therein sets up an equitable defence, and the cause is tried, and plaintiff has judgment, such equitable defence is *res judicata*, and defendant cannot thereafter recover by a proceeding to establish his equitable title so passed on in the former suit."

Judgment affirmed, in which all concur.