City of St. Louis v. Schulenburg & Boeckler Lumber Co.

THE CITY OF ST. LOUIS v. THE SCHULENBURG & BOECKLER LUMBER COMPANY, *Appellant*.

1. **Ejectment: JUDGMENT.** A judgment in an ejectment suit is no bar to a second action between the same parties for the same property, and this is true whether the titles and defenses are the same or not.

2. ———— : EQUITABLE DEFENSE : PRACTICE. Under the Missouri practice act, the defendant in an ejectment suit is not bound to first try his title at law, and, if defeated, then file his petition in equity to enjoin execution. He may set up his equities as a separate defense in the ejectment suit and have equitable relief, if entitled thereto. If he does make such a defense, the judgment thereon is final and conclusive unless reversed on appeal or writ of error.

3. **Estoppel by Conduct.** The first element of an estoppel by conduct is that there must have been a false representation or a concealment of material facts.

4.  ———.  The plea of estoppel by conduct is not tenable against a plaintiff in an ejectment suit on the ground that plaintiff had previously litigated with defendant's grantor about the title to the property involved, it not appearing that the plaintiff, in any way, induced the defendant or its grantors to buy the property, or that the plaintiff had any knowledge of the proposed purchase.

*Appeal from St. Louis City Circuit Court.*—HON. GEO. W. LUBKE, Judge.

AFFIRMED.

*Geo. M. Stewart* and *Rudolph Schulenburg* for appellant.

(1) Defendant's grantor, in an action against the present plaintiff, in the circuit court of St. Louis, and the present plaintiff submitted to that court the question whether the deed of 1853, under which plaintiff here claims title, operated to pass title, or was effective *eo ipso* to convey the property described therein. The adjudication was adverse to the present plaintiff, and the judgment which followed became final, no appeal having been taken and the judgment was fully satisfied. Whether the judgment so rendered was right or wrong, it became final and is binding on the parties to that litigation and their privies in estate. *Buchanan v. Smith*, 75 Mo. 463; *Chouteau v. Gibson*, 76 Mo. 38; *Johnson v. Latta*, 84 Mo. 139; *State ex rel. v. Boothe*, 68 Mo. 546; *Schmeiding v. Doellner*, 13 Mo. App. 228; *Preston v. Rickets*, 91 Mo. 320; *Milne v. Deen*, 7 S. C. Rep. 1004. (2) Plaintiff is estopped, as against this defendant, from asserting any title to the land sued for. It permitted Mrs. Pendleton to take possession of the land after she had recovered judgment for its possession, and suffered her to occupy, use and deal with it as her own, and, while she was so in possession of the property under this judgment, she conveyed it to defendant for full value, and it purchased the same with no knowledge or intimation that the city did not propose to abide by the judgment, which it had satisfied in full, and from which it could not appeal.

*Leverett Bell* for respondent.

A judgment in ejectment is no bar to a second action for the same property, notwithstanding the trials, defenses and parties are the same in both actions. *Kimmel v. Benna*, 70 Mo. 52; *Ekey v. Inge*, 87 Mo. 493; *Avery v. Fitzgerald*, 94 Mo. 207. Nor can the same result be produced by estoppel. *Prior v. Lambeth*, 78 Mo. 538.

BLACK, J.—This is an action of ejectment prosecuted by the city of St. Louis to recover a parcel of land, the same being a part of the north wharf. The answer is a general denial, *res judicata* and estoppel *in pais*.

The plaintiff put in evidence a deed signed by Mary A. Pendleton and some forty other persons, as parties of the first part, to the city of St. Louis, as party of the second part. It bears date in January, 1853, and was recorded in 1854. The grantors were owners in severalty of various parcels of land on the west bank of the Mississippi river, and by the deed they conveyed to the city, for the purpose of a wharf, the property owned by them east of a designated line. The deed contains various conditions and covenants, some of which are to be performed by the city before it takes effect, and others are to be thereafter performed, and they contemplate a large expenditure of money on the part of the city in the improvement of the wharf. It is the same instrument which was before this court in *St. Louis v. Wiggins Ferry Co.*, 88 Mo. 615. The other evidence for the plaintiff, the bill of exceptions states, tends to show that the city had complied with the terms and conditions of the deed.

The evidence for the defendant shows that in 1872, Mary A. Pendleton sued the city of St. Louis in ejectment to recover the parcel of land now in question. The

defendant in that case answered by way of a general denial, and on the trial adduced evidence tending to show that it had performed the conditions in the Pendleton deed, and then offered it in evidence ; but the court excluded the same on the ground that the evidence did not show a performance of the conditions precedent, and therefore gave judgment for the plaintiff. The plaintiff was put in possession by virtue of an execution issued upon the judgment, and the city paid the damages assessed in favor of Mary A. Pendleton. On May 9, 1879, she, being then in possession, conveyed the property to Schulenburg & Boeckler for the consideration of three hundred dollars, and they conveyed to the defendant corporation in 1881. When the defendant's grantors purchased they knew of the judgment in favor of Mary A. Pendleton, that it had been satisfied and that no appeal had been prosecuted by the city ; they believed the judgment was final and conclusive, and had no notice of any intention on the part of the city to further litigate the title.

The court refused all of the instructions asked by the defendant, and, in effect ruled, that all of this evidence offered by it constituted no defense.

1.   The judgment in the former suit is not a bar to the prosecution of the present one. The repeated rulings of this court are that a judgment in an ejectment suit is no bar to a second action between the same parties for the same property, and this is true whether the titles and defenses are the same or not. *Kimmel v. Benna*, 70 Mo. 52 ; *Ekey v. Inge*, 87 Mo. 493 ; *Avery v. Fitzgerald*, 94 Mo. 207. We do not overlook the arguments in favor of a contrary ruling ; but it must be remembered that, in 1855, the legislature, by an amendment to the statute concerning ejectment suits, made a judgment in such cases, except of non-suits, a bar to any other suit between the same parties, or those claiming under them, as to the same subject-matter. 1 R. S. 1855, p. 695, sec.

33.  That section was repealed in 1857, and this court, in
*Slevin v. Brown*, 32 Mo. 176, concluded this legislation
placed a judgment in an ejectment suit on its early foot-
ing.  The whole subject was again considered in *Kimmel
v. Benna, supra.*  Our rule that a judgment in an eject-
ment suit is no bar to a second action is based on legis-
lation peculiar to this state, and constitutes a rule of
property not to be disturbed, save by legislative enact-
ment.  If the city failed to show a performance of the
conditions precedent in the Pendleton deed on the trial
of the former suit, it was at liberty to make the proof on
the trial of this action.

2.  Under our practice act the defendant in an
ejectment suit is not bound to first try his title at law,
and, if defeated, then file his petition in equity to enjoin
execution.  He may set up his equities as a separate
defense in the ejectment suit, and have equitable relief,
if entitled thereto.  If he does make such a defense,
then the judgment thereon is final and conclusive, unless
reversed on appeal or writ of error.  All this is the effect
of the rulings in *Chouteau v. Gibson*, 76 Mo. 38, and
*Preston v. Rickets*, 91 Mo. 320.  These cases are in
accord with those before cited.

3.  The claim of an estoppel *in pais* is equally
untenable.  The former judgment in favor of Mary A.
Pendleton was rendered in 1877, and in 1881 the city
commenced this suit to regain possession.  In the mean-
time Pendleton sold the property to the grantors of the
present defendant.  These grantors supposed the former
judgment was conclusive, but that was a mere mistake
of the law on their part.  It does not appear that the
city in any way induced the defendant or its grantors to
buy the property, nor does it appear that the city, by its
proper officers, had any knowledge of the proposed pur-
chase.  The first element of an estoppel by conduct is,
that there must have been a false representation or a
concealment of material facts.  Bigelow on Estoppel

[ 3 Ed. ] 484 ; and this element is wanting in the present case. In *Guffey v. O' Reilly*, 88 Mo. 418, the plaintiff, though he had a deed to the land in his pocket and knew the defendant was about to purchase it, said nothing about his deed and made no claim to the property, but told defendant that he, plaintiff, would like to rent the land from him, the defendant, Nothing approaching this state of facts appears in the case at bar.

The judgment is, therefore, affirmed. RAY, C. J., absent ; the other judges concur.