CLYBURN *et al.*, *Appellants*, v. MCLAUGHLIN *et al.*

DIVISION TWO.

1. **Ejectment**: PRACTICE : EQUITABLE ANSWER. A defendant in an action of ejectment may by answer interpose an equitable defense, and his equities may be tried and determined directly in that action, without having to resort to an independent suit in equity.

2. —— : —— : ——. In ejectment where equitable defenses were interposed and trial had without a jury, no exceptions having been saved to evidence nor special finding made by the court, and no declarations of law asked or refused, there is nothing for the supreme court to review upon appeal, except to determine whether the evidence justified the finding and judgment.

3. **Tax Sale** : ACCEPTANCE OF PROCEEDS OF SALE BY LAND-OWNER : ESTOPPEL. An owner of land sold for delinquent taxes, who, with knowledge of all the facts, accepts a part of the proceeds of the sale, thereby recognizes and ratifies its validity, and will not afterwards be heard to question it.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*T. J. Myers* for appellants.

The party to be estopped must have known his rights. *Burk v. Adams,* 80 Mo. 504. And from the

evidence in this case it clearly appears that, when Wm. Clyburn accepted the balance of the purchase money resulting from the tax sale, he did not know his rights in the premises; for he only accepted the money after an unsuccessful effort to compromise with the parties holding the tax deed, and while believing that they had acquired the title to his land. Joseph Clyburn did no act upon his part to create an estoppel as against him, as he received no part of said purchase money, and knew nothing of it. One tenant in common is not estopped by the act of his cotenant. *Petrikin v. Myton*, 14 W. N. C. 71; *Pearis v. Covilland*, 6 Cal. 617; *Simpson v. Seavey*, 8 Me. 138.

*Irvin Gordon* for respondents.

(1) This case having been tried before the court, without the intervention of a jury and no declarations of law having been asked, given or refused, and no exceptions to evidence or other matter saved in the trial, and this court not being asked to review the finding of the trial court on the question of estoppel by reason of plaintiff's laches, the finding of the trial court on the facts is not reviewable in this court. *Cunningham v. Snow*, 82 Mo. 593. (2) The appellants, having demanded and received from the sheriff the remainder of the purchase money arising from the sale of the land in controversy, are estopped to set up any right, title or claim to this land. *Austin v. Loring*, 63 Mo. 19; *Nanson v. Jacob*, 93 Mo. 346; *Chase v. Williams*, 74 Mo. 429; *Wilcox v. Osborn*, 77 Mo. 621; *Fenwick v. Wheatley*, 23 Mo. App. 644; 2 Herman on Estoppel [Last Ed.] sec. 1041, p. 1167; also sec. 1069, p. 1199, and citations in note 1; also sec. 1149, p. 1288. Appellants cannot retain the surplus of the purchase money arising from the sale of the land in controversy and proceed to recover the land. 2 Herman on Estoppel [Last Ed.] sec. 1041, p. 1167; *Austin v.*

*Loring*, 63 Mo. 19 ; *Nanson v. Jacob*, 93 Mo. 346 ; *Wilcox v. Osborn*, 77 Mo. 621. The action of Wm. R. Clyburn, he being the duly constituted agent of J. H. Clyburn, in receiving the balance of the purchase money, concluded J. H. Clyburn and he is estopped from setting up any claim to the land. *Chouteau v. Goddin*, 39 Mo. 229.

MACFARLANE, J.—This is a suit in the usual form of ejectment to recover possession of two forty-acre tracts of land in Vernon county. The answer was a general denial, estoppel and laches in commencing this suit.

In the plea of estoppel it is alleged, in substance, that the land in controversy was sold in May, 1880, upon execution, under a judgment of the circuit court of Vernon county against plaintiffs for delinquent taxes, and purchased by S. A. Wight, and that defendants are in possession, and claim title under mesne conveyances from him; that under the sheriff's sale there was a surplus of $76.81 after payment of taxes, interest and costs, which plaintiffs, being advised of all the facts, demanded and received from the sheriff, thus ratifying and confirming the sale, and that defendants, in purchasing the lands from their grantors, relied upon the fact that plaintiff had thus ratified the sale. Defendants also alleged in substance that plaintiff, with knowledge of all the facts, stood by for years and saw defendants and their grantors enter into possession of the land under said deed and make valuable and lasting improvements thereon, without objection. The reply was a general denial.

On the trial defendants read in evidence the sheriff's deed, and plaintiffs read the order of publication. Defendants then offered evidence tending to prove the special defenses. Some objections were made by plaintiffs to the validity of the judgment sale and deed. The court found for defendants, and judgment was rendered against plaintiffs for costs, and they appeal.

I. The question for first consideration is, whether the plea of estoppel, if sustained by the proof, constituted a good defense to the action of ejectment. It is well settled, in this state, that under our code of civil procedure a defendant, in an action of ejectment, may by answer interpose an equitable defense, and that his equities may be tried and determined directly in that action, without having to resort to an independent suit in equity. *City of St. Louis v. Lumber Co.*, 98 Mo. 613; *Schuster v. Schuster*, 93 Mo. 438; *Allen v. Logan*, 96 Mo. 591.

II. The issues were tried by the court, without a jury, the finding was for the defendants, and judgment was rendered accordingly. There having been no exceptions to evidence, or special finding by the court, and no declarations of law having been asked, given or refused, the ground upon which the finding and judgment of the circuit court rests, and the view taken by that court of the facts before it, cannot be determined. There is consequently nothing in the record for this court to review, except to determine whether the evidence justified the finding and judgment. *Cunningham v. Snow*, 82 Mo. on page 593, and cases cited.

III. The next inquiry is, did defendants set up such an equitable defense in this case as would defeat recovery? It is a well-recognized principle of the law of estoppel that "no person will be allowed to adopt that part of a transaction which is favorable to him, and reject the rest to the injury of those from whom he derived the benefit." *Austin v. Loring*, 63 Mo. 22. It is further said by WAGNER, J., in the same case, "when a sale of land is made, no person can be permitted to receive both the money and the land. And it has been held in the application of this principle, that it makes no difference whether the proceedings under which the sale occurs are voidable, or wholly void in consequence of the want of jurisdiction. In 21 Smith's Lead. Cases [5 Am. Ed.] 662, the author says, that, when those who

are entitled to avoid a sale adopt and ratify it, by receiving the whole, or any part, of the purchase money, equity will preclude them from setting it aside subsequently, for reasons that are too plain for statement." Herman on Estoppel, sec. 1069, p. 1199; *Nanson v. Jacob*, 93 Mo. 346; *Chase v. Williams*, 74 Mo. 429. The principle which these cases illustrate, and which is founded upon common honesty and good faith, is invoked in this defense.

While the delinquent taxes were a lien and charge on this land, it was also an obligation resting upon plaintiffs, personally, which good citizenship required them to discharge. This they neglected to do. The land was sold to satisfy this charge, and the purchaser paid the price, and thus relieved plaintiffs of their personal obligation. Afterwards, as the evidence showed, one of the plaintiffs, acting for and in the interest of both, investigated the sale, discussed and considered the propriety of compromises, and, finally, with full knowledge of all the facts, accepted a part of the proceeds of the sale, thus recognizing and ratifying its validity. To permit these plaintiffs to affirm the sale, and hold the proceeds in one hand, and to reject the sale, and take the land with the other, would be an encouragement of bad faith, which courts of equity will not allow.

Being of the opinion that the acceptance of the balance of the purchase price from the sheriff constituted a ratification and affirmance of the sale, it becomes unnecessary to consider questions discussed regarding the validity of the sale and deed; nor the effect of the conduct of plaintiffs in standing by in silence for years, while the purchasers were improving the land. Judgment affirmed; all concur.