SWOPE, *Plaintiff in Error*, v. WELLER *et al.*

Division One, February 5, 1894.

1. **Ejectment:** RES JUDICATA. One action of ejectment is no bar to another, though between the same parties and involving the title to the same tract of land, unless equitable defenses are interposed, thereby converting the whole proceeding into an equitable one and rendering the adjudication binding.

2. ———: MULTIPLICITY OF SUITS: SUIT TO QUIET TITLE. Where a defendant is found to have the legal title and prevails in an action of ejectment, he may, in order to prevent being further harassed by subsequent actions for the same property under the same title, invoke the aid of a court of equity by a bill of peace.

3. ———: ———: ———: PRACTICE. In ejectment, the defendant may by answer interpose an equitable defense and have his equities tried and determined in that action without having to resort to an independent suit in equity.

4. ———: ———: ———: ———. A defendant in ejectment, where he succeeds upon the legal title, may invoke the aid of a court of equity by a bill of peace, where a proper case is made in a separate count in his answer.

5. **Practice in Supreme Court:** EQUITY: FINDING OF TRIAL COURT: PRESUMPTION. Where there is no bill of exceptions in an equity case, every presumption will be indulged in favor of the finding of the trial court.

*Error to Holt Circuit Court.*—HON. C. A. ANTHONY,
Judge.

AFFIRMED.

*J. C. Fisher* for plaintiff in error.

"The record proper by law is the petition, summons
and all subsequent pleadings, including the verdict and
judgment; and these the law has made it our duty to
examine and revise; and for any error apparent in the
face of these, which constitutes the record, we will
reverse the cause." *Bateson v. Clark*, 37 Mo. 31. For
error apparent upon the face of the record the supreme
court will reverse a judgment, although the party com-
plaining of the judgment has failed to present his
objections properly. *Nordmauser v. Hitchcock*, 40 Mo.
178; *Railroad v. Mahoney*, 43 Mo. 467; *Ancell v. Cape
Girardeau*, 48 Mo. 80; *Henderson v. Henderson*, 55 Mo.
534; 62 Mo. 555. When plaintiff's petition combines
an action at law and in equity, and the trial was as if a
proceeding in equity, a judgment rendered therein, as
though the trial had been that of a suit in ejectment,
can not be sustained. *Payton v. Rose*, 41 Mo. 257.
Either the chancery branch of the case must be rejected
as surplusage, and a trial and judgment had as if a suit
at law, or the law branch must be rejected, and a trial
and judgment had in accordance with the rules of
chancery practice. *Wynn v. Cary*, 43 Mo. 301. In
accordance with the principles laid down in the preced-
ing section, proceedings in equity will not be enjoined
where the question of title involved may be properly
determined at law, or where the ground relied upon
will be equally available if urged as a defense to the
action of ejectment. High on Injunction, 415; *Rail-
road v. Stewart*, 3 C. E. Green, 489; *Canal Co. v. Jer-*

*sey City*, 1 Beas. 227; *Savage v. Allen*, 54 N. Y. 458; *Shaw v. Chambers*, 48 Mich. 353; *Gable v. Witherholt*, 116 Ill. 313. Mere apprehensions or fear on the part of the persons seeking relief that the defendant may institute actions against him in the future, will not warrant a court of equity in enjoining the bringing of such actions. High on Injunctions [3 Ed.] 64; *Wolf v. Burke*, 56 N. Y. 115; *Wallack v. Society*, 67 N. Y. 23. Relief by injunction for the prevention of a multiplicity of suits, is allowed only when the subject-matter of the various litigations, as well as the party thereto, are substantially the same. And the fact of different suits having been brought, each having a distinct object, founded on distinct and separate grounds, and brought by different persons, does not constitute such a multiplicity of suits as to bring the case within the rule and to warrant an injunction. High on Injunction [3 Ed.], 65; *Haines v. Carpenter*, 91 U. S. 254. And it may be asserted generally that equity will not, in the course of judicial proceedings restrain a person from asserting titles to real estate, unless in a case entirely free from doubt. Where the title is being tested by an action of ejectment in a common law court having jurisdiction of the subject matter, a court of equity will rarely interfere or enjoin proceedings. *Stockton v. Williams*, 1 Doug. (Mich.) 414; *Railroad v. Barrett*, 65 Ga. 601.

*Huston & Parrish* for defendant in error.

(1) There is no error in the record and the evidence given in the case not being preserved, the presumption is in favor of the correctness of the judgment of the court below and should be affirmed. *Christ v. Railroad*, 36 Mo. App. 663; *Huxley v. Harrold*, 62 Mo. 516; *Long v. Long*, 96 Mo. 180; *Claflin v. Sylvester*, 99

Mo. 276; *Sebree v. Patterson*, 92 Mo. 451; *Overholt v. Vieths*, 93 Mo. 422; *Tierney v. Spiva*, 97 Mo. 98; *Schad v. Sharp*, 95 Mo. 573; *State v. Avery*, 113 Mo. 475; *Lewis v. Whitten*, 112 Mo. 318. (2) One who has been successful in two or more actions in ejectment may have a bill of peace to prevent vexatious litigation or multiplicity of suits and as the evidence given on the trial in this case is not before this court, as to the action of Swope and the number of actions instituted by him against Barnard and his tenants and the nature and result of them, the presumption is that the evidence fully justified the decree rendered, and this court is bound thereby. *Sutton v. Dameron*, 100 Mo. 141; *Spencer v. O'Neil*, 100 Mo. 49; *Parks v. Bank*, 31 Mo. App. 12; *Claflin v. Silvester*, 99 Mo. 276; *Christ v. Railroad*, 36 Mo. App. 663; *Campbell v. Buller*, 32 Mo. App. 646; *Newman v. Newman*, 29 Mo. App. 649. And it will be presumed, unless the record shows to the contrary, that the circuit court predicated its decree on the correct ground. *Sebree v. Patterson*, 92 Mo. 451. (3) There is no question of the right of the defendants to invoke the equitable jurisdiction of the court to protect them against vexatious litigation and the multiplicity of suits at the hands of the plaintiff; in fact this is their only remedy. *Parks v. Bank*, 31 Mo. App. 12; *Spencer v. O'Neil*, 100 Mo. 49; *Sutton v. Dameron*, 100 Mo. 141; *Primm v. Raboteau*, 56 Mo. 407. The land in suit is a part of the body of land conveyed by Swope to Barnard. It is not necessary, therefore, that it should have been in suit in each particular instance, to enable the defendants to maintain their bill. It is sufficient if the title to the whole body had been litigated. *Primm v. Raboteau*, 56 Mo. 407, and authorities cited. (4) There is nothing in the point presented by counsel for plaintiff in error, as to the order of trial, nor are the authorities cited applicable to the facts in this case. If

a correct result was reached, although the proceedings were had upon an erroneous theory and irregular, the judgment should not be disturbed. *Park v. Bank*, 31 Mo. App. 12; *Conley v. Doyl*, 50 Mo. 234; *Bridge Co. v. Ring*, 58 Mo. 491.

BRACE, J.—This is an action in ejectment brought here by writ of error from the circuit court of Holt county. The petition is in common form. The answer of Weller, one of the defendants, is a general denial. The answer of John F. Barnard, the other defendant (Weller's landlord) contains a general denial, and an affirmative plea for equitable relief. The issue upon the ejectment branch of the case was submitted to a jury, and found for the defendants. The issues joined by the plaintiff's reply to the affirmative plea of Barnard, were then taken up and tried by the court, found for said defendant, a decree rendered in his favor, and judgment in favor of both defendants for costs. A motion in arrest of judgment was thereafter filed in time by the plaintiff, and overruled, and thereafter he sued out his writ.

The substance of Barnard's plea is: That the plaintiff, being the owner and in possession of the land described in the petition, on the thirtieth day of April, 1880, sold the same, together with other lands, to Barnard, and executed and delivered a general warranty deed to him therefor; that said land was purchased for a town site; that the town of Maitland is located thereon; that, ever since said purchase, the said Barnard and those claiming under him have been in possession of said lands; that said land has been divided and laid out into town lots, has been improved as such, and is now occupied and used by different persons holding under the said Barnard; that plaintiff is a litigious person, constantly harassing his neighbors with law suits.

"That said plaintiff at intervals has been in the habit, since the sale of said lands by him to said Barnard, of entering upon portions of the same at selected places and attempting to take possession of the same, by plowing and doing other kinds of labor thereon; that said plaintiff has been constantly annoying this defendant and his tenants and others holding under him with vexatious and unreasonable law suits in different forms, for parts of said land, claiming that there were more lands contained in the deed describing said lands, than he was paid for, and then selecting a piece or part thereof, sometimes lots, and sometimes an acre, and at other times more, and bringing a suit of forcible entry and detainer for it before a justice of the peace of said county, or an action of ejectment in the circuit court of said county; that said plaintiff has instituted six or eight suits prior to this one before justices of the peace in the circuit court of said county for said lands or parts of lands so conveyed by him to this defendant as aforesaid, all of which were determined against him; that when said plaintiff was defeated before the justices of the peace he would in some instances appeal the case to the circuit court of said county.

"The defendant further states that said plaintiff instituted a suit, in the circuit court of said county, of ejectment, on or about the ——— day of ——— 18—, against one William A. Long, who was the tenant of defendant, for a part of said land so sold by him to the defendant as aforesaid, and took a change of venue on account of the alleged prejudice of the judge of the circuit court against him, and said cause was transferred to the circuit court of Gentry county, Missouri, for trial; that the judge of said court last named required the said plaintiff to secure the costs, which he failed to do, and said case was dismissed by the court for said failure to comply with said order.

"The defendant further states that he has been compelled to hire counsel and in other manner to lay out and expend large sums of money in and about defending against said suit, and has been put to great trouble and annoyance defending the same, and has been greatly vexed and harassed in the premises by reason of the unlawful and vexatious conduct of the plaintiff; that said plaintiff, in consequence of his unreasonable conduct and litigious disposition and habits, has become a subject of great dread and constant menace to said John F. Barnard and those holding under him, and other good and peaceable citizens of said Holt county.

"This defendant further states that said plaintiff is hopelessly insolvent; that he has no money or property of any kind whatever; that Barnard, this defendant, and his tenants and those holding under him, have no remedy or means of protection against the outrageous conduct of said plaintiff, except that they be protected by a court of chancery.

"Wherefore, the premises considered, the defendant prays that the defendant may be discharged with their costs in this behalf expended, and that the said plaintiff be forever restrained from entering upon said lands or any part of them, or in any manner interfering with the same, or in any manner interfering with the possession thereof or those in possession thereof, and that said plaintiff be forever enjoined and restrained from bringing any other or further suits of any character whatever against this defendant, or any other person holding under him, for said lands or any part thereof, or in any way affecting the same, and that the court grant such other and further relief as equity and conscience will allow."

The finding and decree of the court was in substance as follows:

"That the land claimed by the plaintiff in his suit herein, and in his petition herein described is included in the deed read in evidence from the plaintiff and his wife Delia Swope to the defendant John F. Barnard, dated April 30, 1880   *   *   * ;   that part of said lands have been subdivided and laid out into town lots and are now owned and occupied as such." The court further finds that the allegations in said answer are true and fully sustained by the evidence.

"It is therefore adjudged and decreed by the court that the plaintiff take nothing by his said suit herein, and that the plaintiff, John S. Swope, be and is hereby forever enjoined and restrained from entering upon the land claimed by him, the lands herein described in said deed, or any part or subdivision or lot or lots thereof, or in any manner trespassing thereon; and that said plaintiff be and is hereby enjoined and restrained from in any manner molesting or interfering with the said John F. Barnard, his tenants or other persons claiming or holding said land or any portion, subdivision, lot or lots thereof under him, as grantee in said deed from Swope and his wife, or others holding under said title in the possession and enjoyment of said lands; that the said plaintiff be and the same is hereby forever restrained from bringing or prosecuting any suit in any form either in law or in equity, or in any manner affecting said lands or the title thereto or the possession thereof, or any part, subdivision, lot or lots thereof, or the validity of said deed from said plaintiff and wife to said John F. Barnard, against the defendant, or either of them, or their tenants or any person, or persons holding or claiming said land or any part, parcel, subdivision, lot or lots thereof for the said John F. Barnard, or in any manner interfering with their possession to the said lands or any part or parcel thereof.

"It is further ordered that the defendants have and recover of the said plaintiff their costs herein expended, and that they have execution therefor."

There is no bill of exceptions in the record, and the only questions for our determination are: Do the facts stated in the plea authorize the relief granted in the decree, and can such relief be granted in this action?

It is settled law in this state that one action of ejectment is no bar to another, though between the same parties, in respect to the same title and the same tract of land. *Spencer v. O'Neill*, 100 Mo. 49; *Avery v. Fitzgerald*, 94 Mo. 207; *City of St. Louis v. Lumber Co.*, 98 Mo. 613; *Ekey v. Inge*, 87 Mo. 493; *Kemmel v. Benna*, 70 Mo. 52. Consequently actions of ejectment "may be maintained *ad infinitum*, so long as equitable defenses are not interposed and ruled upon, thereby converting the whole proceeding into an equitable one, and thus making the adjudication binding." *Sutton v. Dameron*, 100 Mo. 141. Hence when a defendant is found to have the legal title, and therefore succeeds in an action of ejectment in order to prevent being further harassed by subsequent actions for the same property under the same title he must invoke the aid of a court of equity by a bill of peace. *Spencer v. O'Neill*, 100 Mo. 49.

Can such relief be afforded him if a proper case therefor is made in a separate count of his answer, in the action of ejectment in which he succeeds upon the legal title? By our code of civil procedure the answer of the defendant may contain both a defense and a counterclaim. The defense may be either legal or equitable and the counterclaim may be either legal or equitable, if in favor of the defendant and against the plaintiff, arising out of the transaction set forth in the petition, or connected with the subject of the action

(R. S. 1889, secs. 2049, 2050), upon which the defendant may have judgment.   Sec. 2053.

It is settled law in this state that under the Code in actions of ejectment the defendant may by answer interpose an equitable defense and have his equities tried and determined in that action without having to resort to an independent suit in equity.   *Clyburn v. McLaughlin*, 106 Mo. 521, and cases cited; *Sebree v. Pattison*, 92 Mo. 451, and cases cited.   Such being the case then according to the plain reading of the Code, "affirmative relief may certainly be given to the defendant upon his answer in all cases where from the nature of the subject-matter and the relations of the parties, a specific remedy in his favor is possible according to the doctrine of equity jurisprudence. Pomeroy on Remedies [2 Ed.], p. 120.

And so in *Primm v. Raboteau*, 56 Mo. 407, which was a case in ejectment to settle boundaries (as it seems from the finding of the court was the case in hand), it was held that equitable relief in the nature of a bill of peace restraining the plaintiff from further vexing and harassing the defendant and his privies could be granted in such action, on answer, praying for such relief, and in that case it was said: "It does not matter that precisely the *same piece* of ground should have been in suit in each instance; it is enough that the title of defendants or their privies in estate was * * * always the question passed upon and adjudicated."   The answer of the defendant, liberally construed as it should be after verdict, brings the case in hand within the principle of that case, and, as upon this record, every presumption is to be made in favor of the finding of the court, its decree and judgment ought to be affirmed, and it is so ordered.   All concur, BARCLAY, J., in a separate opinion.

SEPARATE OPINION.

BARCLAY, J.—The motion in arrest of judgment is not preserved by bill of exceptions. We know such a motion was filed, but not its grounds; and it does not appear, of course, whether any exception was ever taken to the order overruling it.

There is nothing before us to show that the circuit judge was ever called on to consider or rule upon the points that have been presented and discussed here. R. S. 1889, secs. 2302, 2303.

It is the province of this court, in my opinion, to review only such questions as were raised in, and decided by the trial court, in cases which the latter had jurisdiction to hear and determine. Hence my concurrence in the present judgment, upon the grounds more fully stated in *State ex rel. v. Scott* (1891), 104 Mo. 32.