MARSHALL, J.
— This is an action in ejectment for the southeast quarter of section 29, township 31, range 32, in Barton county, Missouri. The petition is in the usual form. The answer is a general denial, coupled with a special plea, that on the 23d of February, 1900, the plaintiff and others instituted an action against the defendant for the partition of the land in controversy; that the defendant claimed to be the absolute owner of the land; that thereupon the circuit court ordered the plaintiff in the partition suit to institute a suit in ejectment against the defendant, to try the title to the land, and further ordered that the partition suit should be continued to await the result in the ejectment suit; that in obedience to said order, the plaintiff, on the 15th of October, 1900, commenced an action against the defendant in ejectment; that' said action was tried on the 30th of January, 1901, and resulted in a verdict and judgment for the defendant, which has never been appealed from, set aside or vacated, but is still in full force and effect; that since said judgment, the plaintiff has not acquired any interest or claim in the premises, other than such as was involved in the original ejectment suit. The answer then pleads that the plaintiff ’s right to the premises in controversy was finally adjudicated in the former ejectment suit. On motion of the plaintiff the special plea of the defendant was stricken out, and on the same day the case was tried, and resulted in a verdict for the plaintiff for the possession of an undivided one-half of the north half of the southeast quarter of section 29, township 31, range 32, and for $150 damages, and four dollars a month rents and profits, and judgment was thereupon entered in favor of the plaintiff for the same. After proper steps the defendant appealed.
The case made is this:
Mordekiah Crowl is the common source of title. He died on the 21st of April, 1899, without issue, leaving surviving him his widow, the plaintiff. He lived *344 in Sangamon county, Illinois. The record is silent as to the relationship of the defendant to him, but in the •briefs counsel speak of him as the brother of the deceased. Plaintiff introduced in evidence a patent from the G-overnment of the United States, for 160 acres in the southeast quarter of section 29, township 31, north, of range 32, to Charles A. Davis and Oreen Moore, assignee of Burnham Hill, dated July 1, 1859, and recorded on the 29th of December, 1883; also a warranty deed, dated November 6,1868, from said Davis and said Moore to Levi Oswalt, for the north half of the southeast quarter of said section 29, township 31, range 32, recorded November 27, 1868; also a warranty deed from Levi Oswalt to Mordekiah Crowl, dated November 5, 1881, to the north half of the southeast quarter, aforesaid, recorded December 13, 1881.
The plaintiff then introduced evidence tending to prove that Mordekiah Crowl lived in Sangamon county, Illinois, and died April 21, 1899, without issue, leaving surviving him, his widow, the plaintiff; that letters of administration on his estate were granted by the probate court of Barton county, on February 23, 1900, to B. C. Avery, who qualified as such administrator; that on the 30th of January, 1900, the plaintiff, as such widow, duly elected to take one-half of the real and personal property of the estate, subject to the payment of the debts thereof, which election was filed for record in Barton county, on the the 23d of February, 1900.
The plaintiff then introduced evidence tending to show that the defendant is, and at the time of the institution of the suit, and for twenty years had been, in possession of the premises; and also showed the rental value thereof. The evidence did not tend to prove the character of the possession of the defendant, nor was any attempt made to show that it was adverse to the plaintiff, or her said deceased husband.
This was all the evidence in the case. The defendant asked and the court refused to give an instruc *345 tion to the jury to find for the defendant, and the defendant stood upon the ruling, introduced no evidence, and now assigns that ruling as one of the alleged errors in the trial. At the request of the plaintiff the court instructed the jury that if they believed from the evidence that the defendant was in possession of the land sued for at the time of the commencement of this action, and at the time plaintiff elected to take one-half of the land, they would find for the plaintiff for an undivided one-half- of the land described in the petition, and would assess her damages at one-half of the value of the rents and profits from the 23d of February, 1899, the date of the alleged ouster, and would also assess the monthly rents and profits of the land. To the giving of which instruction the defendant excepted, and now assigns the same as error.
I.
The first error assigned is the ruling of the trial court in striking out the special plea of the defendant, to the effect that the rights of the plaintiff to the premises had been adjudicated against her in the former ejectment suit, and that since that judgment she had obtained no new or additional rights.
The rule in this State has long been settled that one action in ejectment does not bar another action in ejectment between the same parties, in respect to the same title and the same tract of land.
In Spencer v. O’Neill, 100 Mo. l. c. 58, Sherwood, J., speaking for this court, said: ‘ ‘ Something has been said about the adjudications in that cause being res adjudicaba in this one, but the case of Foster v. Evans, 51 Mo. 40, which upholds that view, has long since been repudiated in this court, and the now prevalent rule asserted that one action of ejectment is no bar to another, though between the same parties, in respect to the same title, and the same tract of land. [Ekey v. Inge, 87 Mo. 493; Avery v. Fitzgerald, 94 Mo. 207]. It is because *346 of this, that it becomes necessary, in order to put a stop to repeated actions of ejectment, to resort to bills of peace. [Primm v. Raboteau, 56 Mo. 407.]”
In Sutton v. Dameron, 100 Mo. l. c. 149, the same learned judge further said: “The well-settled rule of law in this State, notwithstanding an improvident dictum in Foster v. Evans, 51 Mo. 39, to the contrary, is, actions of ejectment, though between the same parties, having the same defenses, concerning the same title and possession, and in all respects similar in their facts, may be maintained ad infinitum, so long as equitable defenses are not interposed and ruled upon, thereby converting the whole proceeding into ah equitable one, and thus making the adjudication binding. [Kimmel v. Benna, 70 Mo. 52; Ekey v. Inge, 87 Mo. 493; Avery v. Fitzgerald, 94 Mo. 207; City v. Lumber Co., 98 Mo. 613.] For this cause it is that when two or more ejectments are brought, and decided in favor of the defendant, he,- in order to prevent being further harassed by a litigious adversary, may maintain his bill of peace, and thus put a stop to oppressive litigation. [Primm v. Raboteau, 56 Mo. 407.]”
The doctrine announced in the case just stated, must be now understood in the further light that a mere equitable defense does not convert the whole proceeding into one in equity, but that in order that the case may be converted from one at law to one in equity, there must not only be an equitable- defense, but a prayer for affirmative relief. [Martin v. Turnbaugh, 153 Mo. l. c. 184, and cas. cit.; see, also, Jamison v. Martin, 184 Mo. 422.]
In Swope v. Weller, 119 Mo. l. c. 564, Brace, J., in speaking for this court, said: “It is settled law in this State that one action of ejectment is no bar to another, though between the same parties, in respect to the same title, and the same tract of land. [Citing cases.] . . . Hence, when a defendant is found to have the legal title, and therefore succeeds in an action of ejectment, in *347 order to prevent being further harassed by subsequent actions for the same property under the same title, he must invoke the aid of a court of equity by a bill of peace. ’ ’
In Callahan v. Davis, 125 Mo. l. c. 35, Burgess, J., speaking for this court, said: “It is well settled in this State that one judgment in an action of ejectment is no bar to the prosecution of another suit for the recovery of the same premises. [Citing cases.] The rule is different in regard to other kinds of action, in which one judgment between the same parties, in regard to the same subject-matter of controversy, is a bar to another suit between them, and the pendency of the first suit may be pleaded in abatement to the last one instituted. But as a former judgment of recovery is no bar to a subsequent suit between the same parties, in an action of ejectment, it must necessarily follow that the pendency of another action between the same parties-, for the same purpose, at the same time the last suit was brought, could not be successfully pleaded in abatement of the last suit. [Hall v. Wallace, 25 Ala. 438.] ”
It follows that there was no error in the ruling of the trial court in striking out the special defense in this case.
II.
The next contention of the defendant is that the plaintiff’s claim is barred by limitation.
This contention is based upon the fact that the evidence introduced by the plaintiff showed that the defendant had been in possession of the premises for at least twenty years prior to the institution of this suit.
There is absolutely no evidence in the case even tending to show that the possession of the defendant was in any way hostile to the legal title. Mere possession does not create title by limitation, however long continued. To have such an effect the possession must be open, notorious, continuous and adverse, under *348 claim of ownership or color of title. [Sell v. McAnaw, 158 Mo. l. c. 471, and cas. cit.]
As hereinbefore pointed ont, it seems to be conceded in the briefs that the defendant was a brother of the plaintiff’s deceased husband, and there is nothing to show that he held the possession adversely to his deceased brother at any time. Mordekiah Crowl died in April, 1899, without issue, and leaving the plaintiff, his widow, surviving him; and under sections 2939, 2941, Revised Statutes 1899, the plaintiff, as his widow, was entitled to take one-half of the real and personal estate belonging to the husband, at the time of his death, absolutely, subject to the payment of his debts, or to take one-third part of all the land whereof the husband was .seized of an estate of inheritance at any time during the marriage, and to which she had not relinquished her right of dower, for and during her natural life. In this case the widow elected to take the one-half of the real and personal property, subject to the payment of the debts, and this was the sum of her recovery allowed her in this case. Upon the ease made, therefore, there is no doubt whatever that the plaintiff is entitled to the relief accorded her in the circuit court, and the judgment of that court is affirmed.
All concur.