2. ———: WIDOW: ELECTION: STATUTE. The duty of the widow to elect, under Revised Statutes, 1879, section 2199, between dower and a devise under the will of her husband, is confined to lands of which he *died* seized.

3. ———: DEVISE BY HUSBAND: EXCLUSION OF DOWER IN OTHER LANDS: COMMON-LAW RULE. Where a widow accepts and enjoys land devised to her by her husband's will, and the will discloses an intention on his part that she shall not have dower in his other lands not devised to her, the rule at common law is that such other lands will be released from her dower.

4. ——— : ———. The intention of the testator in such case must be gathered from the will itself.

5. The Will in this case *held* not to indicate an intention on the part of the husband to exclude dower in lands not devised to the wife, but rather the contrary.

*Appeal from Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Rich & Rector* for appellant.

(1) Chas. W. Hall having passed real estate to his widow, Harriet B. Hall, and she having taken the bounty of her husband under his will, cannot take under both the will and the law, and the devise bars her

of dower in both the lands he died seized of and those conveyed during marriage to his daughters. Tiedeman on Real Prop., sec. 148; *Fairchild v. Marshall*, 43 N. W. Rep. 563; 1 Washburn on Real Prop., sec. 24, p. 271. (2) The answer interposes the equitable defense: That the claim of dower in the land deeded to Louisa Wise by her father, and charged to her in the will and final settlement of his estate, is inconsistent with the provisions of the will, and that the widow was put to her election to accept the provisions of the will made for her, or renounce the will and take under the law, and, having elected to take under the will, cannot claim dower in the land given to the daughters. Tiedeman on Real Prop., sec. 148; Bispham's Principles of Equity, sec. 298; 1 Washburn on Real Prop., sec. 23, p. 271; 2 Scribner on Dower [2 Ed.] p. 439.

*Samuel Boyd* and *F. P. Sebree* for respondent.

(1) Plaintiff could not be deprived of her dower unless it was shown she relinquished it, as provided by statute. R. S. 1879, secs. 4513, 4525. (2) Revised Statutes, 1889, section 4527, cannot avail defendant, as that section only applies to such lands as the testator died seized of or had an interest in at the time of his death. (3) But, under the common law, the acceptance by the wife of real estate devised her by her husband, would not defeat her dower in lands not owned by the husband at the time of his death. *Westbrook v. Vandenburg*, 36 Mich. 30; *Braxton v. Freeman*, 57 Am. Dec. 775; *Borland v. Nichols*, 51 Am. Dec. 576. (4) The fact that something is accepted by the wife under the will of her husband is not sufficient, of itself, to bar her dower right; for instance, the acceptance of bequest of personalty will not do so. *Martin v. Norris*, 91 Mo. 465. Dower cannot be barred by implication. If there is no statute making a devise, or bequest, when

Hall v. Smith.

accepted, stand in lieu of dower then the design to substitute the one for the other must be unequivocally expressed in the will. *Bryant v. McCune,* 49 Mo. 546 ; *Dudley v. Davenport,* 85 Mo. 462.

MACFARLANE, J.—This is a suit brought by plaintiff, who was widow of Charles W. Hall, deceased, for the assignment of dower in a tract of land situate in Saline county, belonging to defendant.    Plaintiff and deceased were married in 1840 and lived together until 1884, when he died, leaving her and five daughters of the marriage surviving him.   In the year 1874, deceased being the owner of this land conveyed it to one of his daughters, Louisa Wise, for the consideration of love and affection and $1.    Plaintiff did not join in this deed, and never relinquished her dower in the land.   At the time of the conveyance of this land to his daughter, he also conveyed to two other daughters tracts of land for like consideration.   These three daughters moved on the respective tracts of land conveyed to them, and resided thereon until their father's death.   In 1883, deceased also conveyed to another daughter a tract of land for a like consideration.   Plaintiff joined her husband in none of these conveyances.   Up to his death, plaintiff and deceased resided on the home farm, consisting of two hundred and sixty acres.   To one of his daughters he gave no land.   Deceased left a will by which he devised to plaintiff a life-estate in the home farm, $2,000 in money and other specific bequests.   He provided that all his daughters should share equally in his estate and charged those, to whom he had conveyed real estate, with the amounts at which it had been valued.

The estate was settled, the daughters charged with the advancements, and the widow received her legacies and continued to reside on the farm in which she was given a life-estate.    After the death of her father,

Louisa Wise sold the land in controversy to defendant, who had notice that plaintiff claimed dower therein, but no reduction as to the price was made on that account. All these facts were set up by defendant in his answer, and were proved on the trial. The judgment of the circuit court was for plaintiff and the defendant appealed.

Defendant contends that the provision made for the widow was intended by the testator to be in lieu of dower in the lands previously conveyed to his daughters, as well as that of which he was seized at the time of his death, and, having accepted the provisions of the will, she cannot claim dower in this land.

Plaintiff was entitled to dower in all the lands of which her husband was seized, during the marriage, to which she had not relinquished the right in the manner prescribed by law. R. S. 1879, sec. 2186. No act, deed or conveyance of her husband, without her assent, evidenced by her acknowledgment thereof, in the manner required by law to pass the estate of married women, could deprive her of that right. R. S. 1879, sec. 2197.

Plaintiff, then, was entitled to dower in the land in suit, unless she was barred thereof by some act or omission on her part, since the death of her husband. This is conceded by defendant, but he insists that, by reason of accepting the provisions made for her by the will of her husband, she barred herself of the right to claim dower in this land; that she was bound to elect, between the provisions of the will and her right to dower, and, having failed to make such election, and having accepted the estate and legacies given her by the will, she is barred of her dower.

"If any testator shall, by will, pass any real estate to his wife, such devise shall be in lieu of dower out of the real estate of her husband whereof he died seized, or in which he had an interest at the time of his death, unless the testator, by his will, otherwise declared." R. S. 1879, sec. 2199. In such case the wife shall not be endowed of any of the real estate whereof her husband

Hall v. Smith.

died seized, unless in twelve months after probate of the will she shall, in writing, duly acknowledged and filed, not accept the provision made for her by the will.

It will thus be seen that, by express terms, the statute confines her obligation to elect between her dower and the provisions of the will to the dower in the lands whereof her husband died seized. R. S. 1879, sec. 2200. Under these provisions of the statute plaintiff was not bound to make a statutory election, as a condition to her right to claim dower in the lands of which her husband had been seized during marriage, but was not seized at his death. We do not understand either from the oral argument, or brief, of counsel for appellant, that this proposition is seriously controverted.

The proposition upon which appellant chiefly relies, and which is urged with great force and earnestness by counsel, is that inasmuch as the statute makes no provision for an election by a widow as to dower in lands owned by the husband during marriage, but not owned by him at his death, the rules of the common law are to govern ; that if it was the intention of the testator, appearing either from the express terms of the will, or by necessary implication from the entire instrument and all its parts, that the provision made for the widow was in lieu of dower in such lands, then she was bound to elect between such dower and the provisions of the will, as at common law ; that the acceptance and enjoyment of the estate and legacies given her by the will is a sufficient election, at common law, that she takes the provisions of the will and she is thereby barred from claiming dower in this land also.

My individual opinion is, that, on the general legal propositions contended for, appellant is right, and that these propositions have the support of the following authorities : *Pemberton v. Pemberton*, 29 Mo. 408 ; *Bryant, Adm'r, v. McCune*, 49 Mo. 546 ; *Martien v. Norris*, 91 Mo. 471 ; *In re Klostermann*, 6 Mo. App. 315.

Taking these propositions as giving a correct exposition of the law on the subject, does it appear, from the will, that the testator intended the provisions made for his wife therein should be in lieu of dower in the lands conveyed to his children prior to his death? There is no expressed intention to that effect; nor do we think the entire instrument, or any part of it, evinces such an intention on the part of the testator.

It is insisted that, if plaintiff is given dower in this land, the full enjoyment of the gift made to the daughter ten years prior to his death, would be curtailed and restricted, and that the children, to whom land was conveyed, would be charged with more than they had received by way of advancement, and these facts show such an inconsistency between the provisions of the will and the right to claim dower, as to evince an intention to exclude the right of dower.

When we bear in mind that the intention of the testator must be gathered and determined from the will itself, and that the deeds constitute no part of the will, and has no reference to it, all difficulties disappear. An examination of the will shows nothing indicating an intention on the part of the testator to relieve this land from the right of dower held therein by the wife. If the land was charged as an advancement against the daughter at a valuation exceeding its true value incumbered as it was by the dower, it must be remembered that one of his daughters had received no land, while others had been in the enjoyment of that given them for years. The object of the testator in charging these advancements at the amounts fixed certainly was to make all his children share equally in his estate, and not to take from his wife a property right which belonged to her alone, and over which he had no power, or right of disposal. Indeed, this intention is expressed in the will when he says: "It is my will that each of my children shall have an equal interest in my estate, and, in order thereto, I direct that each one

of said children in this item named be charged with the sums herein set forth."

Dower is a provision made by the law for the benefit of the wife after the support and protection of the husband has been lost, and generally at a time of life when such support is most needed. This provision the husband evidently intended his wife to reserve. There is as much evidence, on the face of this will, from which to conclude that the father intended to resume proprietorship over the land previously conveyed to his daughter, as that the husband intended to deprive the wife of her right of dower previously reserved. When the will was made, the testator had no interest in or power over either.

"The right to dower being, in itself, a clear legal right, an intent to exclude that right by a voluntary gift ought to be demonstrated either by express words, or by clear and manifest implication. In order to exclude it, the instrument itself ought to contain some provision inconsistent with the operation of such legal right." Story on Eq. 1088; *Pemberton v. Pemberton, supra.*

No such inconsistency appearing in this will, it must be held that the testator did not intend the provisions made for his wife to exclude her right of dower in this land. Judgment affirmed. All members of this division concur.