VON ARB et al. v. THOMAS et al., Appellants.

Division Two, May 21, 1901.

1. **Dower:** VESTED REMAINDER: INTERVENING ESTATE. A widow of the vested remainderman, who had not at the time of his death come into possession of the land, the life estate of another intervening, has no dower therein.

2. ———: ———: ———: CASE STATED. The will gave the property to testator's wife for life and "after her death" to his son. The son married and died without issue before his mother died, she being in possession from testator's death to her own. *Held,* that the son's

widow had no dower in the land, her husband at no time having immediate seizin.

3. ——— : ——— : ———: WIDOW'S ELECTION. The right given the widow to elect to take a child's part in her husband's estate, or in case there are no children, to take one half the estate subject to his debts, is dependent on her right to dower therein. She, in such case, takes as a dowress, and not by descent. So that if she is not entitled to dower in her husband's estate, under the statute or at common law, she can not elect to take a child's part or any other interest in his estate. If a life estate in possession precedes her husband's vested remainder, and her dower is cut off by his death before the termination of the life estate, so likewise is her statutory right to election.

Appeal from Carroll Circuit Court.—*Hon. W. W. Rucker,* Judge.

REVERSED.

*James F. Graham* and *Elliott & Burnham* for appellants.

(1) "A widow is not dowable of land in which her husband has only a vested remainder expectant upon an estate for life." There was no seizin of the lands in the remainderman, he having died during the lifetime of his mother, who had a freehold of the land in her life estate. 4 Kent Com., sec. 40; 10 Am. and Eng. Ency. of Law (2 Ed.), p. 134; 1 Bishop on Married Women, secs. 250, 273, 277; 1 Washburn on Real Prop. (5 Ed.), pp. 154, 204; Tiedeman on Real Prop., sec. 116; 1 Scribner on Dower, pp. 217, 233, 249, 308, 321; Rodgers, Dom. Rel., sec. 370; Schouler, Husb. and Wife, sec. 448; 1 Pingrey on Real Prop., sec. 363; 1 Cord. on Married Women (2 Ed.), sec. 516; 1 Woerner's Administration Law, p. 232; Reeves, Dom. Rel. (4 Ed.), note p. 49; Durando v. Durando, 23 N. Y. 331; Green v. Putnam, 1 Barb. (N. Y.) 500; Phelps v. Phelps, 143 N. Y. 197; Northcut v. Whipple,

12 B. Mon. (Ky.) 65; Warren v. Williams, 25 Mo. App. 22; Gentry v. Woodson, 10 Mo. 224; Null v. Howell, 111 Mo. 276; Payne v. Payne, 119 Mo. 179; Martin v. Trail, 142 Mo. 94. (2) The widow of the deceased intestate, George Knipschild, who died leaving no child or other descendants in being, capable of inheriting, can not elect to take one-half of the real estate in question under sections 4518, 4520 and 4522, Revised Statutes 1889 (secs. 2939, 2941 and 2943, R. S. 1899), in lieu of her dower, when she has no dower in said lands under section 4513, Revised Statutes 1889, (sec. 2933, R. S. 1899). There is no decision of the courts of last resort in this State upon this proposition. These sections of the dower act of this State will now have to be construed for the first time with reference to this point, and upon reason and analogy. (a) This right of election has no existence outside of the statute. It is expressed in all the decisions of this State to be in lieu of dower, and the widow is ruled to strict compliance with the provisions of the statute in regard to election. Welch v. Anderson, 28 Mo. 293; sec. 4522, R. S. 1889 (2943, R. S. 1899); Price v. Woodford, 43 Mo. 253; Ewing v. Ewing, 44 Mo. 23; Dougherty v. Barnes, 64 Mo. 159; Gant v. Henley, 64 Mo. 162; Davidson v. Davis, 86 Mo. 440; Allen v. Hornett, 116 Mo. 278; Dandt v. Musick, 9 Mo. App. 169. (b) Election between dower and certain statutory rights comes under and is governed by the principles of equitable election, and the foundation of this doctrine is the choosing between two rights by a person who derives one of them under a provision in which a clear intention appears that he should not enjoy both. 11 Am. and Eng. Ency. of Law (2 Ed.), p. 92; 1 Bishop on Contracts, sec. 781; Story, Eq. Jur., sec. 1075; 2 Underhill on Wills, sec. 726; 1 Pingrey on Real Prop., sec. 401; Matney v. Graham, 50 Mo. 564; Young v. Boardman, 97 Mo. 187; Brawford v. Wolfe, 103

Mo. 396.  (c)   Section 4518, Revised Statutes 1889 (2939, R. S. 1899), itself creates no new estate for the wife in her husband's lands.   Hamilton v. O'Neil, 9 Mo. 11; Brawford v. Wolfe, 103 Mo. 396.   (d)   She does not take the one-half by inheritance from her husband.   Jarboe v. Hey, 122 Mo. 354; Sutton v. Read, 176 Ill. 69; Brown v. Pitney, 39 Ill. 481; Lessley v. Lessley, 44 Ill. 528.   (3)   The position of respondents in this case can not be maintained by analogy. (a)   Under our dower act the widow has the right to elect to take a child's part in lieu of dower.   It is expressly decided by this court that the widow in such case has no right to elect to take a child's part in land in and to which she has no right of dower.   Matney v. Graham, 50 Mo. 559; Wigley v. Beauchamp, 51 Mo. 544; Payne v. Payne, 119 Mo. 174.   (b) The equitable rule of compensation is the basis of the doctrine of election.   2 Underhill on Wills, secs. 726-729; Blatchford v. Newberg, 99 Ill. 11.

*John B. Hale* and *L. H. Waters* for respondents.

The widow was entitled to elect to take the one-half of the real and personal estate belonging to her husband at the time of his death, notwithstanding the fact that he was not seized of an estate of inheritance therein.   1 Wagner's Stat., ch. 47, secs. 5, 8, 10.   The right of election confers new and important benefits.   Price v. Woodford, 43 Mo. 247.   By her election the widow was enabled to acquire an interest in the land; a new and independent estate, as much so as if it had been acquired by deed from the heir.   Brawford v. Wolfe, 103 Mo. 398.   Under the law of 1825 the widow, when there were no children, was endowed of all the real and personal estate which came to the husband in right of the marriage, and one-half of the real and personal estate of which he was possessed

at his death. The widow, where there were children, was endowed of one-third of all lands whereof he died seized, etc., and all these provisions were subject to the husband's debts. R. S. 1825, p. 228, sec. 1. In 1835 the statute relating to dower was amended so that every widow was endowed of a third of the lands whereof the husband died seized of an estate if inheritance. R. S. 1835, p. 332, sec. 1. And a widow, in a case like this, was entitled to take certain provision upon an election so to do. R. S. 1835, p. 228, secs. 3, 5. The first section provides that every widow shall be endowed. The third section is partial in its terms and provides for a particular class of widows and does not enact that such a widow shall be endowed, but shall be entitled to, etc. Hamilton v. O'Neil, 9 Mo. 7. If dower is an inchoate title and has its existence from the concurrence of marriage and seizin, it can have no relation to the third section. The first section was designed to give dower, and the third was intended, in a case like this, as a substitute. Hamilton v. O'Neil, supra. An election substitutes the interests and privileges given under the fifth section for dower under section 1. Matney v. Graham, 50 Mo. 564. An election totally changes the widow's attitude towards her husband's estate; she ceases to be a doweress and takes as distributee. Griffith v. Canning, 54 Mo. 284; Wigley v. Beauchamp, 57 Mo. 546; 1 Lead. Cas. R. P. 302, 303. She may elect to take the provisions of section 5 in a case where the husband never owned an interest in any land. Norton v. Thompson, 68 Mo. 147; Bryant v. Christian, 58 Mo. 98; State to use v. Farmer, 21 Mo. 163; State to use v. Reamer, 73 Mo. 37.

GANTT, J.—This is an action of ejectment for certain lands in Carroll county. Henry Knipschild is the admitted common source of title.

The cause was tried upon the following agreed statement of facts:

"Henry Knipschild died on the twenty-eighth day of August, 1874, leaving the following will, which was duly probated October 1; 1874:

" 'I, Henry Knipschild, make this my last will and testament. I desire that my wife Elizabeth; after my death, shall have all my property, real and personal, for her lifetime, and that after her death all shall go to my son, George, provided he is of legal age. I appoint John Stenam, executor of this my will. Henry Knipschild, attested August 28, 1874.'

"Henry Knipschild left as his widow, Elizabeth Knipschild, and as his son and only heir at law, George Knipschild. At the time of his death he owned the real estate described in the petition. The son, George Knipschild, afterwards married the plaintiff, Melissa Von Arb. Said George Knipschild died intestate, and without issue, on the twenty-second day of July, 1875, five days before arriving at the age of twenty-one years, and left the said Melissa, his widow, who afterwards married the co-plaintiff, George Von Arb, and is now his wife. Elizabeth Knipschild, the widow of Henry Knipschild, the ancestor, remained in possession of the real estate in controversy from the death of her husband, Henry Knipschild, up to the time of her death, which occurred on the sixth day of November, 1894; the defendant, John Thomas, was the tenant of Elizabeth Knipschild in possession of the premises at the time of her death on said sixth day of November, 1894, and is still in possession as tenant of John Coggburn, her administrator. Letters of administration were issued to Thomas Orchard on the second day of May, 1895, as administrator of the estate of George Knipschild, deceased. The two years required by law for keeping open the estate of George Knipschild have expired, and no assets have come into the hands of the administrator,

and no debts have been proven up against his estate. Elizabeth Knipschild died November 6, 1894, intestate, leaving no children, nor father nor mother, but defendants as her only heirs at law. Said George Knipschild, deceased, was the son of Elizabeth Knipschild and Henry Knipschild. John Coggburn is the duly qualified and acting administrator of the estate of Elizabeth Knipschild, deceased. On the thirteenth day of May, 1895, plaintiff, Malissa Von Arb, as widow of George Knipschild, joined with her present husband, George H. Von Arb, and filed in the probate court of Carroll county, Missouri, her election to take one-half of the real and personal estate of said George Knipschild, the essential parts of which are in words and figures as follows:

"'Whereas, George Knipschild died intestate on the eighteenth day of August, 1875, without any child or other descendants capable of inheriting, and leaving Melissa Knipschild his widow; and whereas, at the time of his death the said George Knipschild was the owner of the following described real estate [setting out the description as in petition] and whereas, the mother of said George Knipschild, deceased, had a life estate in said real estate and died on the — day of ——, 1894; and whereas, the said Melissa Knipschild and George H. Von Arb were married on the second day of April, 1875, and are now husband and wife; and whereas, letters of administration were, on the second day of May, 1895, granted to Thomas Orchard, public administrator of said Carroll county, on the estate of said George Knipschild, deceased, by the probate court of Carroll county, Missouri. Now, therefore, the said Melissa Von Arb (formerly Melissa Knipschild and widow of George Knipschild deceased), and George H. Von Arb, her husband, hereby declare that the said Melissa Von Arb elects to take as the widow of said George Knipschild, deceased, one-half of the real and personal estate belonging to

said George Knipschild, her late husband at the time of his death.'

"Another and similar 'election' was filed by said parties in the probate court of Carroll county, Missouri, on the second day of May, 1896, the original of which was filed for record in the office of the recorder of deeds of Carroll county, Missouri, May 2, 1896.

"Defendant Joseph Thomas was in possession of the real estate described in the petition at the time of the institution of the ejectment suit, and the monthly value of the rents and profits is and has been since the commencement of this suit $15."

The circuit court found the issues for plaintiff, and defendants within four days filed their motions for a new trial, and in arrest, which were overruled, and they duly excepted and appealed to this court.

In connection with this case, another suit in equity between the heirs of Henry Knipschild and the heirs of Elizabeth, praying a construction of the will of said Henry, was tried, and the circuit court decreed that the will created a vested remainder in his son, George, and simply postponed the enjoyment thereof until he reached his majority, and that on the death of George, his mother being his only heir at law, inherited this remainder, and she thereby became the owner in fee, and at her death the land descended to her heirs and not to the heirs of Henry Knipschild.

From that decree no appeal was taken, and so far the matter is res adjudicata.

The present controversy between the widow of the son, George, now Mrs. Von Arb, and the heirs of his mother, may be stated in a few words. These heirs maintain that as the life estate of Elizabeth Knipschild intervened, George was never seized in fact or in law of the remainder devised to him in his

father's will, and of course his widow was not entitled to dower in these lands, and not being entitled to dower, could not elect to take one-half subject to debts in lieu of dower.    Whereas, Mrs. Von Arb contends that she could elect to take one-half of the estate of her deceased husband, George Knipschild, who died leaving no child or other descendant in being capable of inheriting, notwithstanding she had no dower proper in said lands and notwithstanding she waited from July 22, 1875, to May 13, 1895, nearly twenty years after the death of said husband, George Knipschild, before taking any steps to have an administration begun or to make her said election, and notwithstanding that no assets of any kind have come to the hands of the administrator of George Knipschild nor any debts been proved against his said estate.

I.    To entitle the wife to dower at common law, the husband must have immediate seizin of an estate of inheritance. The wife was not entitled to dower in a reversion or remainder expectant upon an intermediate freehold estate, unless that freehold was determined or ended during the coverture.    And such is the law of Missouri at this time.    [Martin v. Trail, 142 Mo. 85; Gentry v. Woodson, 10 Mo. 225; Payne v. Payne, 119 Mo. 179; 1 Wash. on Real Prop. (5 Ed.), 204.]

Under our statute and the course of decisions independent of statute, the seizin need not be one of actual possession, but seizin in law with a right of possession will suffice.    [Davis v. Evans, 102 Mo. 164; Rev. Stats. 1889, sec. 4535; 1 Wagner's Stats. 1872, p. 542, sec. 23.]

As Elizabeth Knipschild had a freehold estate for her life intervening before the remainder devised to her son George could vest in possession, either in fact or in law, and as he died during the life of his said mother, it is evident the widow of George was not entitled to dower in said lands.    [1 Wash. on Real Prop. (5 Ed.), 204; 1 Scribner on Dower (2 Ed.),

p. 233 and 321; 1 Bish. on Married Women, sec. 273; Null v. Howell, 111 Mo. 276; Warren v. Williams, 25 Mo. App. 23.]

II.   Mrs. Von Arb having no dower in this land as the widow of George Knipschild under the first section of the dower act (1 Wagner's Statutes, p. 538; G. S., ch. 130, sec. 1), could she elect either under sections 5, 8 and 10, 1 Wagner's Statutes, p. 539, or section 4518, Revised Statutes 1889?

It is conceded by counsel on both sides that this exact proposition has never been decided by this court.

In Payne v. Payne, 119 Mo. loc. cit. 179, this court construed the kindred section (sec. 4523, R. S. 1889), which gives the widow the right to elect to take a child's part, and held that the election under that section is made and must be made in lieu of dower, "and it follows that if the widow has no dower right in the land, she has no right to elect to take a child's part." While learned counsel have argued at length and most ingeniously that the estate which the widow takes by her election is not dower, it is sufficient for us to say the statute in force when her husband died in 1874, as well as the Revised Statutes of 1889, when the administration began, both denominate the estate which she takes by such election as "dower," and she takes it in either case in *lieu of her common-law* dower provided in the first section of the dower act.   [Newton v. Newton, 162 Mo. 173.]

She takes as a dowress and not by descent.

In our opinion, as Mrs. Von Arb, as the widow of George Knipschild, had no common-law dower, she had no basis for her election to take one-half subject to debts in lieu of that dower which she never had.

In Hamilton v. O'Neil, 9 Mo. 11, Judge SCOTT holds this provision to be "a substitute for her common-law right of dower," and the Supreme Court of New Hampshire in Hun-

kins v. Hunkins, 65 N. H. 99, said: "If the right of election to take a portion of the land in fee is a substitute, by statute, for the common-law right of dower, and the right of dower fails or never became appendant to the land, the right of substitution, having nothing to support it, must fail also."

The yielding up of her common-law dower is the consideration, so to speak, for the statutory dower she elects to take.

If she has no common-law dower upon what is her so-called election based? It seems to us that no elaboration could make it clearer that as she clearly had no common-law dower, she could not elect to be endowed of a half in fee subject to debts.

Having reached this conclusion it becomes unnecessary to determine whether an administration could have lawfully been begun twenty years after the death of George Knipschild for the sole purpose of affording his widow an opportunity to elect to take one-half of his estate, it being admitted he owed no debts and had no estate other than the remainder devised to him by his father.

The judgment is reversed.

*Sherwood, P. J.,* and *Burgess, J.,* concur.