CARRIE KLOCKE, Appellant, v. LOUISE KLOCKE et al.

Division Two, February 16, 1918.

1. **DOWER: Widow of Remainderman Unseized.** The widow of a remainderman, who died childless while the life tenant was in possession, has no dower in his remainder. A widow, under Sec. 345, R. S. 1909, has dower only in lands of which her husband "was seized" at the time of his death. [Following Van Arb v. Thomas, 163 Mo. 33.]

2. ———: ———: Election: **Sec. 351, R. S. 1909.**   A widow cannot
elect to take under Section 351, Revised Statutes 1909, unless
she has dower under Section 345.   The word "absolutely" used
in Section 351, declaring that if the husband die without descend-
ants his widow shall take one-half the real and personal estate
"belonging to the husband at the time of his death" subject to
debts, does not mean that she is given dower by that section in-
dependently of any other statutory provision, but it indicates
the character of the estate she takes in case she is entitled to
dower and elects to take under that section.   That section does
not mean that she has dower simply because she elects to take it;
it means that she may elect to take a certain portion in case she
has dower under Section 345, but she can have dower under no
section unless her husband "was seized" at the time of his death.
The two sections must be read together; the widow cannot have
dower under both; she can elect to take under Section 351 only
when she has dower under Section 345.

Appeal from St. Louis County Circuit Court.—*Hon.
John W. McElhinney,* Judge.

Affirmed.

*William L. Bohnenkamp* for appellant.

(1) The courts of this State have uniformly been
liberal in dealing with the rights of the widow when
called in question, whatever section of the statutes or
provision of the common law relative thereto may be
under consideration. In re Estate of Messersmith, 264
Mo. 619; Keeney v. McVoy, 206 Mo. 70; Lemp v. Lemp,
249 Mo. 314; Howard v. Strode, 242 Mo. 218; Wyatt
v. White, 192 Mo. App. 554. It is also now well set-
tled and clearly determined by numerous decisions of
this State, that it is the spirit, object, intention and
policy of the laws "to place the husband and wife, as
nearly as practicable, on an equal footing, so far as
his rights as widower, in her estate, and her rights
as widow, in his estate, are concerned." If it be right
and proper to construe Section 350 as giving to the
husband absolutely subject to debts of his wife, without
regard to his being entitled to curtesy, one-half the es-
tate of his widow, then, it is but just, right and reason-

able to so construe Section 351 as giving to the widow one-half the estate of her husband subject to debts, without regard to whether she be entitled to common law dower in his estate or not. If the husband be not required to have curtesy to take one-half his widow's estate, then the widow should not be required to have and be entitled to common-law dower in her husband's estate, to take one-half thereof. This would be treating them equally as intended, and Section 353 should not be, and cannot properly be, construed to·require and make her rights depend upon anything like common-law dower. This intention and principle has been recognized and applied as shown by the plain decisions. Keeney v. McVoy, 206 Mo. 55; Ferguson v. Gentry, 206 Mo. 189; In re Ferguson Estate, 206 Mo. 203; Waters v. Herboth, 178 Mo. 171. (2) By the express provisions of Sec. 351, R. S. 1909, this widow, the plaintiff, is entitled to one-half of the real and personal estate belonging to her husband at the time of his death, absolutely, it being wholly immaterial in determining the character of the estate, whether it be called "dower" or not. In fact, the statute neither in said Section 351, nor anywhere else, designates this interest of a widow as "dower." It is only when referring to her one-third interest in the lands of which her husband died seized, that the statute uses, and applies thereto, the words "dower" and "endowed." Even Section 353, wherein her right of "election" is provided for, declares that "the widow shall have her election to take her dower as provided in Section 345, or the provisions of Section 351, as therein provided." Therefore, by the statute itself, said one-half becomes absolutely the property of the widow of which she cannot be divested, except for the payment of the debts of the deceased husband. This interest cannot be "dower." Section 353 clearly distinguishes between what it considers her "dower" and the interest the widow is entitled to under Section 351. (3) It being undisputed that plaintiff is not entitled to dower in the lands owned by her husband at the date of his

death, under Section 345, R. S. 1909, for the reason that he was not seized of an estate of inheritance therein, as required by the statute, it now becomes absolutely necessary to have a proper construction placed by this court upon Sections 351 and 353, R. S. 1909, in connection with Sections 345 and 350 thereof. Under no provision of the statute would this widow be entitled to "dower" (common-law dower) properly speaking, in any property belonging to her said husband at his death. But she is entitled, under a just, proper and reasonable construction of said sections, either by direct command of the statute, or by her election under proper construction thereof, to a share or interest in said estate. It is plain from Section 351 that, without condition, reservation or equivocation, should the husband die without any child, or other descendants, his widow shall be entitled "to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts." This right is not in lieu of dower, not dependent upon whether she is entitled to dower, but only upon the fact that she is the widow of deceased and it comes to her at once, subject only to payment of debts of deceased husband.

*George W. Wolff* and *Clarence L. Wolff* for respondents.

(1) Sections 345, 351, 353-355, R. S. 1909, in the Dower Act, and directly involved in this controversy, are cognate sections, supplementary to each other, and being *in pari materia* must be considered and construed together, as parts of one whole and complete legislation on the subject. Weindel v. Weindel, 126 Mo. 651; Gantt v. Brown, 238 Mo. 577. (2) Sections 351, 353, and 354 presuppose the existence of the right of dower in the widow, as a condition precedent to her right to elect to take one-half under Section 351. The right of election rests for its statutory basis upon the right of dower. In other words, no dower, no election. This is

clearly manifest, from the words used in section 354: "When a widow shall be entitled to dower as provided by Sections 351, 352 and 353," etc. Stokes v. O'Fallon, 2 Mo. 29; Griffith v. Walker, 3 Mo. 137; Hamilton v. O'Neil, 9 Mo. 11; Hornsey v. Casey, 21 Mo. 548; Moran v. Stewart, 122 Mo. 297; Moran v. Stewart, 132 Mo. 74-75; Newton v. Newton, 162 Mo. 186; Von Arb v. Thomas, 163 Mo. 42. The widow's election-dower provided for in the several sections of the Dower Act is, in effect, nothing more than a "substitute" for her common-law dower. Adams v. Adams, 183 Mo. 396-408; Keeney v. McVoy, 206 Mo. 42; Perry v. Strawbridge, 209 Mo. 630; Newton v. Newton, 162 Mo. 186; Von Arb v. Thomas, 163 Mc. 42. (3) The creation of a new and absolute estate in fee in the widower, by the Widower's Act of 1895 (now Section 350), giving him one-half of his deceased childless wife's estate, without election on his part, did not necessarily or impliedly create a new or like estate in the widow of a deceased childless husband, but left her dower and election rights intact, unimpaired and unchanged as provided by the several dower sections, and as they have been on the statutes ever since 1825 and 1835. The very purpose of said Widower's Act of 1895 was to make provision for the husband when he had no curtesy. Perry v. Strawbridge, 209 Mo. 630. It was wholly foreign to the intent of the Legislature in passing said act to make like provision for the wife when she had no dower. If the lawmakers had so intended they would have said so. Hawkins v. Smith, 242 Mo. 701; Nichols v. Hobbs, 197 S. W. 258.

WHITE, C.—The suit is in partition; the plaintiff claims, under the provisions of Section 351, Revised Statutes 1909, one-half the real and personal estate of her deceased husband, Henry Klocke, who died childless. The defendants are the sisters of the deceased, Henry Klocke.

George Klocke, Henry's father, died in 1904, leaving a will by which he gave to his widow, Wilhelmina, for life, the real estate in controversy here, with the remain-

der in fee to Henry Klocke. Henry Klocke died in October, 1913, and his mother, the life tenant, died in March, 1914. The question to be determined is whether Henry's widow is entitled to take under the provisions of section 351 property in which her husband had a remainder and of which he was not seized at his death, the solution of the case depending entirely upon statutory construction.

The sections of the statutes involved are all included in Article 16 of Chapter 2, Revised Statutes 1909, entitled, "Dower."

Section 345 gives the widow dower in all the lands of which her husband "was seized of an estate of inheritance."

Section 346 gives the widow the right to transfer her unassigned dower.

Section 350 gives the widower, where the wife shall die without child or other descendants, one-half the real and personal estate belonging to the wife at the time of her death "absolutely, subject to the payment of the wife's debts."

The provision of Section 351, under which the claim here is made, is as follows:

"Sec. 351. When the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: first, . . . ; *second, to one-half the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts.*"

Section 352 allows the widow to take a child's part in lieu of dower in the personal and real estate where the husband dies leaving children by a former marriage.

Under Section 353: "When the husband shall die without a child or other descendant living, capable of inheriting, the widow shall have her election to take her dower, as provided in Section 345, discharged of debts, or the provisions of Section 351, as therein provided."

Section 354 provides that: "When a widow shall be entitled to dower as provided in the three preceding sections of this chapter" it shall be the duty of the executors or administrators to give notice to the widow requiring

her to file a declaration as provided in the next succeeding section.

The next succeeding section, 355, provides the manner in which the widow shall elect and if she fails to elect within fifteen months she would be endowed under Sections 345, 347, and 348.

The precise question presented here was decided against the contention of appellant in the case of Von Arb v. Thomas, 163 Mo. 33. But appellant, with great persistence, insists upon a re-examination of the subject in view of later decisions, which she claims give a more liberal construction in favor of the widow to the several sections of statutes relating to dower. [Keeney v. McVoy, 206 Mo. 42; Ferguson v. Gentry, 206 Mo. 189; In re Ferguson Estate, 206 Mo. 203; In re Estate of Messersmith, 264 Mo. 610.]

The point made by appellant is that Section 351, giving the widow, in case the husband die childless, one-half the real and personal estate *"belonging to the husband* at the time of his death, *absolutely,"* subject to the payment of the husband's debts, must be interpreted to mean literally what the words quoted import without reference to any other section of the statutes, so that the term *"belonging to the husband"* would include a remainder as well as any other estate, and "absolutely" would mean independent of any other statutory provisions. It is conceded that the plaintiff would not have dower in the real estate in this case under Section 345, because the husband had not been "seized" at the time of his death.

If appellant's counsel is correct in his interpretation, that the widow is entitled to take under Section 351, absolutely, whether she have dower under Section 345 or not, then she would be entitled to take without election even if she had dower under Section 345. That is to say, she could take under both sections. ·

Now, it is manifest that she cannot take under both sections. These sections relating to dower must be construed *in pari materia.* [Keeney v. McVoy, 206 Mo. 1. c. 67.] They are interdependent and relate to each

other, and under Section 353 the widow may *elect* to take her dower as provided in Section 345, discharged of debts, or take under the provisions of Section 351. There would be no such provision for election if she could take both. The rights under these several sections always are mentioned in the alternative in the cases construing them; she may take one or she may take the other. [Crowl v. Crowl, 195 Mo. 338, 1. c. 348; Wash v. Wash, 189 Mo. 352, 1. c. 359; Wigley v. Beauchamp, 51 Mo. 544, 1. c. 546-7.]

However, it seems to be conceded that the widow could not take under both sections. Then the argument of appellant amounts to this: If the widow have not dower under Section 345, Section 351 must be given a literal meaning uninfluenced by other sections; but if she have dower under section 345, then section 351 must be construed in connection with section 353. That is, the words, "shall be entitled to one-half the real and personal estate belonging to the husband at the time of his death, absolutely," will signify one thing at one time and another thing at another time. The widow would have one-half his estate without condition if she have no dower under Section 345, and she would have it conditioned upon an election if she have dower under Section 345.

This court in late cases has called the interest which she gets under Section 351 *dower.* For instance, in the case of Adams v. Adams, 183 Mo. 1. c. 408, Judge MARSHALL speaking for this court says: "Election-dower, under Section 2939, Revised Statutes 1899 (now 351), is a creature of our statute and differs in many respects from the dower allowed under Section 2933 (now 345). The principal difference is that ordinary dower is one-third of the estate, for life, freed from liability for debts, while election-dower is one-half, absolutely, subject to debts."

In the case of Keeney v. McVoy, 206 Mo. 42, upon which appellant relies, where this court considered at great length the subject of the widow's rights in her de-

ceased husband's property, this Section 351 came inci-
dentally under consideration. In speaking of it Judge
LAMM says on page 55: "Commencing with common-
law dower as a basis, the statute gives the widow ·cer-
tain optional rights to better her condition." And on
the same page: "It has been aptly said that the part
taken by the widow under her right of election is
her 'election dower,' i. e., her dower from choice
as distinguished from her dower without choice."

Thus it is certain that she takes under Section
351 only by election. The term "absolutely" as used
in that section refers to the estate she takes independ-
ent of other claims. It does not mean that she shall
take it absolutely, independent of conditions in tak-
ing it. That is to say, when she takes it she takes it
absolutely, but she cannot absolutely take it.

It is argued by appellant that inasmuch as the
phrasing of Section 350 and Section 351 are exactly
the same they should receive the same interpretation,
and it is pointed out that this court has construed
Section 350, holding that the husband takes under it
independent of any election, whether he is entitled to
curtesy or not. But in the case of Perry v. Straw-
bridge, 209 Mo. 621, opinion by Judge GRAVES, it was
said on page 630 in construing Section 350:

"It is earnestly pressed by counsel that under
Section 2938, Revised Statutes 1899 [350], the hus-
band cannot take unless he would have been entitled
to curtesy. They contend that Sections 2938 [350] and
2939 [351] are companion sections and inasmuch as
we have held under the latter that the wife cannot take
unless she was entitled to dower, we should hold that
the husband cannot take unless he was entitled to
curtesy."

On the same page as the passage quoted the court
calls attention in express terms to the reason why the
statutes are construed differently; that is, because Sec-
tion 353 provides how she shall take under Section 351.

Obviously, if that is her election dower and she
cannot acquire it except by election, then of course she

could not have it unless she have some other right between which and this she may elect. The very term "election" or "right of election" implies alternative rights between which the party electing may choose. She could not elect to take under Section 351 unless she had dower under Section 345. The Legislature evidently understood it that way because the language of the section, 354, setting forth how she may elect, starts out with the words: "When a widow shall be entitled to dower, as provided by the three preceding sections [351-2-3] of this chapter." We see no reason for refusing to follow the ruling in the Von Arb case. We conclude that the widow, having no right to dower in the property under the provisions of Section 345 could acquire no right under Section 351.

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All the judges concur.