B. F. Scott v. George S. Scott and R. L. Scott; George S. Scott, Appellant.—26 S. W. (2d) 598.

Division One, April 2, 1930.

*J. R. Kirkham* and *Lorts & Breuer* for appellant.

1056

· FRANK, J.—Action by B. F. Scott against George S. Scott and R. L. Scott. The petition is in two counts. The first count seeks a decree vesting the title to the lands described in the petition in the plaintiff. The second count is in ejectment, and asks judgment for possession of said lands, and for damages in the sum of $475 for the unlawful withholding of the possession of said premises, and the sum of sixteen dollars per month until possession is restored to plaintiff.

Judgment went for plaintiff on both counts of the petition, and defendant George S. Scott appealed.

Appellant George S. Scott and one Mary J. Scott were husband and wife. Respondent B. F. Scott and defendant R. L. Scott are brothers and are children of George S. and Mary J. Scott.

The charging part of the first count of the petition is as follows:

"Plaintiff states that he is claiming the fee simple title of, in and to the following described real estate, situate in the City of Dixon, in the County of Pulaski and State of Missouri, to-wit: The North half of Lots One, Two and Three in Block One (1) of Santee's Addition to the Town of Dixon, Missouri."

"That he claims to have derived his title by, through and under Mary J. Scott, his mother, in the following manner, to-wit: That the

said Mary J. Scott was the wife of George S. Scott; that she died on the 19th day of February, 1925; that before her death she was the owner of the above described land, having acquired the same on the 28th day of August, 1908, by a general warranty deed; that said deed was executed and delivered to her for a valuable consideration, moving to the grantor therein George S. Scott, Jr.; that the said purchase price so paid therefor was her separate money and means; that at the time of her death she was the wife of the said George S. Scott; that the said George S. Scott, without reasonable cause, for the space of one whole year, abandoned his said wife, and continued to live separate and apart from her for said space of more than one year next preceding her death, so as to be barred from any claim of inheritance or curtesy of, in and to said property, and after he forfeited any claim thereto as aforesaid, the said Mary J. Scott, for a good and valuable consideration, conveyed, by a general warranty deed, the above described property to this plaintiff, so that the plaintiff became vested with the fee simple title thereto, free and clear of any claim on the part of the said George S. Scott, as her former husband or otherwise; that notwithstanding the fact that the said George S. Scott never had any curtesy in said property for the reason that the same constituted her separate statutory estate and because of the desertion of the said Mary J. Scott as aforesaid, he is nevertheless claiming and asserting some interest of, in and to said property, which plaintiff is informed is an estate by curtesy; that said defendant R. L. Scott is in the actual possession of said property, claiming by, and through the said George S. Scott, but has no claim of title thereto of record.''

The second count of the petition is in ejectment and is in conventional form, as heretofore indicated.

The answer of defendant George S. Scott, among other things, alleges:

''Comes now George S. Scott and for his separate answer to plaintiff's petition admits that Mary J. Scott was formerly the wife of the defendant George S. Scott, and that she departed this life on the 19th day of February, 1925, and denies generally and specifically each and every other allegation in plaintiff's petition contained.

''Further answering defendant says that he is the widower of the said Mary J. Scott, deceased, who at the time of her death was the owner of the real estate described in plaintiff's petition; that the deed under which plaintiff claims title to said lands was not the voluntary act and deed of the said Mary J. Scott, but that said deed, if made by the said Mary J. Scott, is and was the result of coercion, over-persuasion and undue influence exercised over the mind of the said Mary J. Scott by the plaintiff, B. F. Scott; that there was no consideration passed from the said B. F. Scott to the said Mary J.

1058

Scott for said deed and that said deed is therefore void as a matter of law. . . . Defendant further says that as the widower of Mary J. Scott he has a curtesy in the real estate described in plaintiff's petition and has the right to the possession and control thereof until his death.''

This answer also pleads facts tending to show that defendant did not desert and abandon his wife.

The answer of defendant R. L. Scott pleads that he is the tenant of defendant George S. Scott, and is in possession of the property under a contract and agreement with said George S. Scott, who had authority to lease said real estate by reason of his curtesy therein as the widower of Mary J. Scott, deceased.

Appellant's wife acquired title to the property in 1908 by warranty deed from the then owner, and she and her husband thereafter made their home thereon. In 1922 appellant and his wife were both past eighty years of age and physically unable to live alone and care for themselves. In June, 1922, appellant went to the Soldier's Home at St. James and thereafter made his home there. In September of the same year his wife went to the home of respondent, her son, and lived with him until the date of her death in February, 1925. Prior to her death, and on March 8, 1923, she conveyed the property in question to respondent by warranty deed, in which appellant did not join.

The gist of plaintiff's petition is that defendant's wife, Mary J. Scott, acquired title in her own right to the property in question in the year 1908, and that she thereafter conveyed the property to respondent by her separate warranty deed and that he is now the owner thereof.

The answer of defendant denies that his wife conveyed the property to respondent and alleges that she was the owner thereof at the date of her death and for that reason he, as her widower, has curtesy therein and is entitled to possession thereof during his lifetime. The theory of defendant, as expressed in his answer, is that the deed under which plaintiff claims title was not the voluntary act of his wife, but was the result of coercion, over-persuasion and undue influence exerted by respondent. No evidence was offered in support of this theory and no such contention is made in this court, so this point drops out of the case.

The case is presented here on two theories. (1) That the deed from defendant's wife to respondent was without consideration and for that reason void, and (2) that since the passage of the 1921 statute, to which we will later refer, the deed of a married woman conveying her separate real estate does not prejudice the statutory rights of her husband in the land so conveyed, where he does not join in the conveyance.

The deed recites that "said party of the first part, for and in consideration of one dollar and love and affection . . . do by these premises grant," etc.

In addition to above clause, the body of the deed contains the following further recitation:

"It is understood by and between the parties herein that B. F. Scott, her son, is to look after the party of the first part and see that her needs in every way and particular are looked after by the said B. F. Scott."

A deed made from parent to child in consideration of one dollar and love and affection and an agreement on the part of the child to support the parent, expresses both a good and a valuable consideration. [Lee v. Lee, 258 Mo. 599, 614, 167 S. W. 1030.]

Further contention is made that respondent's support of his mother could not furnish a consideration for the deed, because he was not entitled to compensation for caring for his mother in the absence of a contract to that effect.

This contention overlooks the fact that respondent's acceptance of the deed containing a stipulation providing that he should support his mother, constituted a contract between him and his mother that he should support her in consideration of her conveyance of the property to him. [Donaldson v. Donaldson, 278 S. W. 686, 692.] It is not claimed that respondent did not support and care for his mother from the date of the execution of the deed to the date of her death. We, therefore, hold that the deed was supported by a valuable consideration and conveyed the fee simple title to the property to respondent.

This brings us to the contention that since the enactment of  the Act of 1921, Laws 1921, section 1, page 119, the marital rights of a husband in real estate owned by his wife, cannot be prejudiced by a deed executed by the wife in which the husband does not join.

Prior to the passage of the 1921 statute, this court construed the Married Women's Act, Sections 7323 and 7328, Revised Statutes 1919, as authorizing a married woman to dispose of her separate real estate without joinder of her husband in the deed of conveyance, and where the wife, during her lifetime, conveyed her separate property, after her death, the surviving husband could not assert any interest in the land so conveyed although he did not join his wife in such conveyance. [Brook v. Barker, 287 Mo. 13, 28, 228 S. W. 805.]

The 1921 statute upon which appellant relies, reads:

"The estate which a widower may have in the real estate of his deceased wife known as 'tenancy by the curtesy,' is hereby abolished, and in lieu thereof the widower shall have the same share in the real estate of his deceased wife that is provided by law for the widow in the real estate of her deceased husband, with the same rights of election and the same limitations thereto; provided that nothing contained in this act shall be so construed as to defeat any estate by the curtesy which shall have vested prior to the date of taking effect of this act."

The only effect of this statute is to change the character and quantum of interest a husband takes in the lands which his wife owned at the date of her death. It does not attempt to modify or take away the right given a married woman by the Married Women's Act to dispose of the whole title to her separate real estate without joinder of her husband in the deed of conveyance. It is evident from a reading of the statute that it does not modify or repeal the Married Women's Act. This question was before us in the recent case of O'Brien v. Sedalia Trust Co., 319 Mo. 1001, 5 S. W. (2d) 74, 76, whereat we said:

"The effect of the new statute is sweeping. It would be unwise and obiter to attempt to anticipate the numerous questions that may arise, but it is necessary to observe that what has been here said is not to be taken as meaning the Married Women's Statute, Sections 7323 and 7328, Revised Statutes 1919, are repealed or encroached upon. While a widower now has the same dower right in his wife's land that a widow would have in her husband's, it does not follow that he must join in conveyances of her separate real estate as she must do in his, to pass the whole title. In this respect there is inequality, a discrimination against the husband; but that was true while the husband still had curtesy, and has been commented upon by this court. [Brook v. Barker, supra, 287 Mo. l. c. 29, 228 S. W. 805.] Such considerations, as that case says, are for the Legislature, not the courts."

Appellant's wife owned the property in her own right during her lifetime. The Married Women's Statute gave her the right to convey the whole title thereto by her own separate deed. We therefore hold that the deed executed by her conveyed the fee simple title to the property to respondent, unencumbered by the inchoate rights of appellant, although he did not join in such conveyance.

Respondent contends that appellant abandoned his wife without reasonable cause and continued to live separate and apart from her for the space of one whole year next preceding her death, thereby forfeiting any right he might have had to claim a widower's interest in the property in question.

In view of our conclusion that the deed from appellant's wife to respondent passed the whole title, abandonment is not an issue in the case. Appellant could have no interest in property which his wife did not own at the date of her death.

The only complaint made against the finding on the second count of the petition is based on the contention that the deed conveying the property to respondent was without consideration. What we have heretofore said disposes of this contention.

Appellant assigns error in the rejection of relevant and material evidence offered by him. This alleged error is not mentioned in appellant's brief. We will treat it as abandoned.

The judgment is supported by substantial evidence and should be affirmed. It is so ordered. All concur.