EULA S. NIES, ADMINISTRATRIX OF THE ESTATE OF MARY M. STONE, DECEASED, RESPONDENT, v. ESTELL O. STONE, EXECUTOR OF THE ESTATE OF J. WESLEY STONE, DECEASED, APPELLANT.—117 S. W. (2d) 407.

Kansas City Court of Appeals. May 2, 1938.

*Musser & Musser, R. M. Robertson* and *M. D. Aber* for respondent.

*A. R. Thompson, Jr.,* and *Montgomery, Martine & Montgomery* for appellant.

SHAIN, P. J.—The real issue presented in this case for review, stripped of verbiage of extraneous matters in pleading and in statements appearing in briefs filed, is as to whether or not a man having no descendants in being can by his will dispose of his personal estate as to deprive his widow of title to the one-half interest in said personal estate that is provided for in section 325, Revised Statutes, Missouri, 1929.

Section 325 reads as follows:

"Husband dying without children, widow, how endowed.—When the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: First, to all the real and personal estate which came to the husband in right of the marriage, and to all the personal property of the husband which came to his possession with the written assent of the wife, remaining undisposed of, absolutely, not subject to the payment of the husband's debts; second, to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts."

The facts out of which this controversy arises are that J. Wesley Stone of Johnson County, Missouri, died on October 5, 1934, childless and leaving surviving him his widow, Mary Mildred Stone. The widow at the time of the death of her husband was afflicted with a fatal sickness, and died therefrom on October 10, 1934. It now appears from the admissions that the widow was in no mental condition, at the time of her husband's death, and thereafter until her death, to comprehend the situation.

It appears that on June 2, 1934, J. Wesley Stone duly executed a will wherein he willed to his said wife, Mary Mildred Stone, a life estate in all the real estate which he died seized; and also a life estate in and to all of his personal property in lieu of dower and statutory rights including special dower and a year's support. It appears that the testator made provisions for other legatees after the termination of the life estate of his widow. However, we conclude that such provisions are not before us for review. The testator appointed Estell O. Stone, his as executor, and said Stone is the duly appointed, qualified and acting executor under said will. It appears that Eula S. Nies was duly appointed, and is the duly appointed, qualified and acting administratrix of the estate of Mary Mildred Stone, deceased. On May 11, 1935, Eula S. Nies, administratrix as aforesaid, filed a petition in the probate court of Johnson county, Missouri, wherein the facts of death of Mary Mildred Stone are duly set forth and authority as administratrix is duly plead, and wherein is also alleged death of testator without children. The plaintiff in her petition further alleges the incapacity of Mary Mildred Stone in mind and body to take any action or transact any business,

and her failure to take any action at the time of death of testator or thereafter, up to the time of her death. The petition further alleges probate of the will of testator as his last will and testament. The prayer of said petition is as follows:

"WHEREFORE, plaintiff prays the Court to order and adjudge that on October 5, 1934, at and immediately following the death of said J. Wesley Stone, plaintiff's intestate become vested absolutely with the title and right of ownership in the one-half interest in all the personal property owned by the said testator subject only to the payment of the debts and obligations of the said testator and that the plaintiff as the administratrix, and personal representative of said Mary M. Stone, is entitled to have all of said assets so vested in her said intestate and that the Court order and direct the defendant to pay over and account to the plaintiff in such time in the course of the administration of said assets as may to the Court seem to be the best interest of said Estates not later than at the final settlement of the Estate of said J. Wesley Stone, the one-half part of all the personal property of said Estate, less payment of debts and that plaintiff be authorized and directed to inventory same and to administer it as part of the Estate of her said intestate and for her costs."

It appears that upon hearing in the probate court the judgment was against the petitioners. It appears that an appeal was duly taken to the circuit court of Johnson county, Missouri, and a trial *de novo* was had in said court.

Estell O. Stone, executor of the estate of J. Wesley Stone, deceased, joined issue by filing an answer in the circuit court wherein it is admitted that Eula S. Nies is the duly qualified and acting administratrix of Mary Mildred Stone, deceased, and that Estill O. Stone is the duly qualified and acting executor of the estate of J. Wesley Stone, deceased, and admits that J. Wesley Stone, deceased, died leaving his widow and without any descendants.

Estell O. Stone, executor, further answers as follows:

"Denies that at the death of said testator, plaintiff's intestate became the owner of or vested with any title to any portion of the personal property belonging to the said J. Wesley Stone:

"Admits that the time of the death of the said J. Wesley Stone she was and for a long time had been a helpless invalid, sick and feeble in body and in her last and fatal illness which terminated in her death on October 10, 1934;

Admits that the said Mary M. Stone at no time after the death of the said J. Wesley Stone was in condition of mind or body to take any action or transact any business with reference to the estate of her husband; neither did she do so nor attempt to do so;"

In said answer it is further denied, "that by virtue of the statutes

in such cases made and provided that plaintiff as the administratrix of the estate of Mary M. Stone is entitled to have and administer as a part of said estate any portion of the estate of J. Wesley Stone, deceased.''

The said answer further alleges provision made for the widow in addition to provisions of will, such as title to home by the entirety, a bond account held by the entirety, and other matters that may explain considerations that may have been in the mind of the testator when he executed his will. However, we conclude that these extraneous matters have but little or no probative value in determining the question as to what are the rights of the widow under the provisions of the law as expressed in the statutes.

Eula S. Nies, administratrix aforesaid, filed a reply to aforesaid answer in which there are admissions as to value of real estate and personal property of which J. Wesley Stone, deceased, died seized, but denying generally the allegations of the answer.

Trial was before the court, jury being waived. Evidence was heard by the court and arguments of counsel were heard, and after said hearing the trial court gave judgment as follows:

"It is therefore considered and adjudged by the court that the plaintiff is entitled to one-half of all the personal property belonging to J. Wesley Stone at the time of his death, subject to payment of his debts and expense of administration and that the defendant is directed to pay over and account to the plaintiff the full one-half of all the personal property of the estate of the said J. Wesley Stone which has been or may be inventoried therein, less payment of debts and costs of administration and upon final settlement and distribution of said estate that the defendant estate pay the costs herein.''

From the above judgment, Estell O. Stone, executor as aforesaid, duly appealed.

For the reason that the personal estate of J. Wesley Stone, deceased, was estimated to be of the value of from twenty to thirty thousand dollars, the appeal was sent to the supreme court of Missouri. However, for the reason that the pleading failed to allege the net value of the property, after debts and expenses were paid, the supreme court certified the cause to this court.

While mention of real estate, of which J. Wesley Stone died seized, is frequently referred to in the record, still no issue as to the real estate is involved in the case at bar.

In the action as originally filed in the probate court the respondent herein was plaintiff and the appellant herein was defendant. To avoid confusion, we will hereinafter refer to Eula S. Nies, administratrix and respondent as plaintiff, and to Estill O. Stone, executor and appellant, as defendant.

The defendant in this appeal makes assignments of error as follows:

"I

"The court erred in adjudging that the respondent administratrix, under the provisions of Article 15 of Chapter I, R. S. Mo. 1929, was entitled to one-half of all the personal property belonging to J. Wesley Stone at the time of his death, subject to the payment of his debts and the expenses of administration.

"II

"The court erred in adjudging that the respondent administratrix was entitled to one-half of all the personal property belonging to J. Wesley Stone at the time of his death, subject to the payment of his debts and the expenses of administration, without the widow making an election under Section 327, R. S. 1929, to take the provisions of Section 325 thereof.

"III

"The court erred in adjudging that the respondent administratrix was entitled to one-half of all the personal estate belonging to J. Wesley Stone at the time of his death, subject to the payment of his debts and the expenses of administration, without the widow making any election between the benefits conferred by the will and the benefits conferred by Section 325, R. S. 1929.

"IV

"The court erred in holding that respondent administratrix was entitled to one-half of the personal estate belonging to J. Wesley Stone at the time of his death, subject to the payment of his debts and the expenses of administration, without the widow having renounced her husband's will, which made express provision for her in lieu of her dower and all marital rights of every kind and character."

OPINION.

Regardless of four assignments, there is but one issue presented in this case. The issue in this case is directly as to whether or not the widow of J. Wesley Stone, regardless of his will, is entitled at the time of his death to one-half of the personal property, "absolutely, subject to the payment of the husband's debts."

At first glance it would appear that the language of section 325, Revised Statutes Missouri, 1929, fully and clearly answered the above question. However, in an early case before the Supreme Court of Missouri wherein the issue was on all fours with the issue at bar, it was held that the widow of a childless husband who had devised to his wife a life estate only, with the usufruct and testamentary power as to one-half of his estate, in the absence of an election under the provisions of the dower act, that in said event the administrator of said widow is not entitled to any distributive share in the personal estate of the husband.

The case referred to above is Bryant, Adm'r., v. Christian, Adm'r., 58 Mo. 98.

At the time the Bryant case was before the supreme court, section 589 of the Wagner statutes was identical with section 325, Revised Statutes Missouri, 1929, and the same statutes as are now designated sections 318, 327 and 329 were also in force. In the opinion above the court gave consideration of all of said sections in its construction of section 589 (325) and concluded the opinion as follows:

"It thus appears that, unless the widow has filed her election in the form required, the 5th section was not enacted for her benefit. It is admitted that she never did so. She and her personal representative, are therefore expressly excluded from its provisions. The fact of her death intervening cannot break the force of a positive enactment which ignores every such contingency."

The briefs of the defendant, appellant herein, show extensive research and there is presented under twelve points, citing authorities, an exhaustive consideration of the laws, from territorial times to the present, touching the rights of surviving widows. Perry v. Strawbridge, 209 Mo. 621, is cited and in that case is found a very complete review of the history of the law of descent and distribution. In the opinion in the above case it is asserted that our laws in respect to descent and distribution are yet expressive of the common law. However, at l. c. 632 of the opinion, it is said: "In Missouri we begin to modify in favor of the wife by the act of 1835, when we gave her half when the husband died childless."

Defendant cites McClintock v. Guinotte, 204 S. W. 806, wherein it is declared that the rights of surviving widows are exclusively regulated by and subject to all the conditions and limitations expressed in the statutes creating them. Immediately following the above citation, defendant's brief states as follows:

"The legislature in making provision for surviving widows by way of dower, substitutes for dower, and inheritance has not seen fit to treat all widows alike and has recognized three distinct classes of widows and has provided differently for the members of each class."

It would appear to us that the two above points when considered together are significant to the interpretation of language used of our statute, section 325. However, the mere statements are made in the brief without comment or citation of court opinion.

Defendant under point No. 8 of brief states as follows:

"Section 325, R. S. 1929, provides a substitute for dower for the widow of a husband dying childless and without other descendants. A widow of such class, entitled to dower under section 318, takes nothing under the provisions of section 325 unless, as required by section 327, she makes the election therein specified."

Under the above, defendant cites Scott v. Scott, 324 Mo. 1055, 26 S. W. (2d) 598, wherein there is discussed the fact, that as to a wife's separate estate conveyed by her before death without husband join-

ing, the husband has no interest. There is also cited Klocke v. Klocke, 276 Mo. 572, 208 S. W. (2d) 825.

In the above case, sections 345 to 357 inclusive, Revised Statutes 1909, are under discussion. The corresponding sections of Revised Statutes 1929, are sections 318, 320, 321, 322, 323, 324, 325, 326, 327, 328 and 329.

The principal issue under discussion in the above case is as to widow's right to dower in real estate. It is, however, held in the above case that the widows right to one-half of the personal property, absolutely subject to debts, under section 351 (now 325) is not dependent upon a pre-existing right to dower under section 345 (now 318) and this case expressly overrules Von Arb v. Thomas, 163 Mo. 33, wherein it was held that her right was dependent upon said section. The case also overrules Klocke v. Klocke, 276 Mo. 572, wherein it was held that the widow cannot elect, under section 351 (325) unless she has dower under section 345 (318).

We conclude that the language used in the opinion in Klocke v. Klocke, *supra,* gives a materially different construction to section 325, Revised Statutes 1929, than does the opinion in Bryant v. Christian, 58 Mo. 98, *supra,* and also as to consideration of section 318, in giving construction to section 325.

Lynch v. Jones, 247 S. W. 123, dealing with provisions of courtesy before same was abolished by law, Hall v. Smith, 103 Mo. 289, dealing with dower, and other cases, that we conclude throw no light upon the interpretation of section 325, are cited. We, therefore, refrain from further discussion as to cases cited under the points under discussion.

Defendant refers to section 327, Revised Statutes 1929, and cites cases construing same. The section reads as follows:

"Husband dying childless, widow may elect, etc.—When the husband shall die without a child or other descendant living, capable of inheriting, the widow shall have her election to take her dower, as provided in section 318, discharged of debts, or the provisions of section 325, as therein provided."

Said section, we conclude, deals exclusively with dower and election as to same under provisions of section 318, and has no reference whatsoever to an election as to one-half of personal property as provided for absolutely in section 325.

As to Bryant v. Christian, *supra,* it appears to stand alone. It appears that no mention or citation of the Bryant case has ever been made in any opinion handed down by the courts since that opinion was written. If it could be concluded that the opinion in the Bryant case is the last controlling opinion of the supreme court of Missouri, then as a matter of course the judgment of the circuit court in the case at bar would have to be reversed. However, the language of the

opinion in Klocke v. Klocke, *supra,* we conclude is to the opposite effect to the law as declared in the Bryant case.

The language of the opinion in Waters v. Herborth, 178 Mo. 167, l. c. 172, as to the issue involved in the case at bar is as follows:

"The use of the same words to express the legislative intent in reference to the half of the wife's property which the husband is to have when she dies childless that are used to express the like intent in reference to her half of his estate when he dies childless, shows that it was the intent to put the one as much beyond the wife's right to make a will as it was to put the other beyond the husband's right to make a will. We hold that the interest given the husband in the one section and that given the wife in the other is equally beyond the right of either to defeat by will."

We conclude that the above language is in direct opposition to the opinion in the Bryant case.

It will be noted that the case Klocke v. Klocke, *supra,* was first before division No. 2 of the supreme court of Missouri, and the opinion of division No. 2, reported in 273 Mo. 150, affirmed the judgment of the circuit court upon authority of Von Arb v. Thomas, *supra.* The reasoning in the opinion of division No. 2, while not citing the Bryant case, *supra,* was in harmony therewith. The Klocke case went to the court in banc and judgment of division No. 2 was overruled and judgment of the circuit court was affirmed.

We consider the Klocke case the last controlling case of the supreme court on the question of section 325, giving to the widow of a childless husband absolutely one-half of personal estate independent of section 318.

The St. Louis Court of Appeals in its opinion in Brown v. Tucker estate, 135 Mo. App. 598, at January Term, 1909, specifically decided that in case of childless husband, his widow did not have to elect in order to take one-half of the personal property under section 325.

The above opinion in the many years following its date has never been questioned or criticized by any court of this state, and is in harmony with the Klocke case as to the widow taking absolutely.

The opinion in Waters v. Herboth, *supra,* we conclude, is conclusive of the fact that the husband cannot defeat the absolute right given to the widow under section 325.

We conclude that the latest controlling cases of the supreme court of Missouri in effect overrule the opinion in the Bryant case, *supra.*

We conclude that if the latest controlling cases of the Missouri Supreme Court be followed, then section 325, Revised Statutes 1929, gives absolutely to the widow of a childless husband one-half of his personal estate, subject to the payment of the husband's debts. Further, that the will of the husband cannot defeat said right. Fur-

ther, that under the provisions of said section the widow does not have to make an election to take.

Following our above·stated conclusions, the judgment is affirmed. All concur.